Annick M. Persinger (CA Bar No. 272996)
Emily Feder Cooper (CA Bar No. 352951)
*apersinger@tzlegal.com*
*ecooper@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

Andrea R. Gold (*pro hac vice to be filed*)
Anna C. Haac (*pro hac vice to be filed*)
*agold@tzlegal.com*
*ahaac@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, Northwest, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900

Patrick Brickman (*pro hac vice to be filed*)
Frank Bartela (*pro hac vice to be filed*)
*pbrickman@dworkenlaw.com*
*fbartela@dworkenlaw.com*
**DWORKEN & BERNSTEIN CO., L.P.A.**
1468 W. 9th Street, Suite 135,
Cleveland, OH 44113
Telephone: (833) 856-0445

*Attorneys for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY LABELLA, MICHAEL PAWSON, and STACEY RODGERS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Lindsey LaBella, Michael Pawson, and Stacey Rodgers ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through counsel, hereby bring this action against Apple Inc. ("Apple"), seeking relief due to the defective nature of their Apple AirPods Pro Generation One Headphones ("AirPods Pro Gen 1"). Plaintiffs' allegations herein are based upon personal knowledge and belief as to their own acts and upon the investigation of their counsel, and information and belief as to all other matters.

## NATURE OF THE CASE

1.    Apple admits that AirPods Pro Gen 1 have an audio defect that causes them to exhibit crackling or static sounds, loss of bass sounds, or an increase in background sounds. These "sound issues," which Apple acknowledges on its own support page, are referred to herein as the "Audio Defect." *See* Exhibit 1 (https://support.apple.com/airpods-pro-service-program-sound-issues).

2.    Plaintiffs bring this case against Apple because Apple touted its AirPods Pro Gen 1's superior audio and noise-cancelling qualities and sold AirPods Pro Gen 1 to consumers nationwide even though its AirPods Pro Gen 1 had an Audio Defect.

3.    Indeed, although numerous consumers started complaining to Apple soon after the release of the AirPods Pro Gen 1 in October 2019—and even though Apple itself admitted to the defect in October 2020—Apple continued to sell AirPods Pro Gen 1 with a known Audio Defect for hundreds of dollars a pair until September 2022.

4.    The functionality of audio components is a material and essential feature of any headphones. Reasonable consumers expect that high-end, high-priced headphones like Apple's AirPods Pro Gen 1, which Apple advertised as having noise cancelling features and superior sound compared to other headphones, would have consistently functioning, high-quality audio.

5.    Reasonable consumers, including Plaintiffs, likewise would not have purchased Apple's AirPods Pro Gen 1 had they known that Apple's representations about audio functionality and quality were false and misleading, and that the AirPods Pro Gen 1 contained an Audio Defect that caused "sound issues" such as crackling, static, and interruption and loss of sound.

6.    Plaintiffs and similarly situated Class Members bought defective AirPods Pro Gen 1 headphones at a premium price when they, in fact, have "sound issues" that make the headphones worth

CLASS ACTION COMPLAINT

less than what they paid for them. As a result of Apple's false and misleading advertising, and sale of its AirPods Pro Gen 1 with an Audio Defect, Plaintiffs and the proposed Class have suffered damages. Plaintiffs and similarly situated Class Members would not have purchased their AirPods Pro Gen 1 or they would have paid less had they known that Apple's advertising was false and misleading, and that the AirPods Pro Gen 1 contained an Audio Defect.

7. Accordingly, Plaintiffs bring this action, individually and on behalf of a nationwide class of similarly situated owners of Apple's AirPods Pro Gen 1 headphones for violation of California's consumer protection and warranty laws, or in the alternative, on behalf of classes in Ohio, Pennsylvania, and Texas for violation of those states' consumer protection and warranty laws.

## THE PARTIES

8. Plaintiff Lindsey LaBella is a resident and citizen of Allegheny County, Pennsylvania. At all times relevant hereto, she has resided in Pennsylvania.

9. Plaintiff Michael Pawson is a resident and citizen of Harris County, Texas in the Houston metro area. At all times relevant hereto, he has resided in Texas.

10. Plaintiff Stacey Rodgers is a resident and citizen of Painesville, Ohio. At all times relevant hereto, she has resided in Ohio.

11. Defendant Apple Inc. is a corporation incorporated under the laws of the State of California. Apple's corporate headquarters and principal place of business are located in Cupertino (Santa Clara County), California. Accordingly, for jurisdictional purposes, Defendant Apple Inc. is a citizen of California.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000.00, exclusive of interest and costs; there are more than 100 putative class members; and at least one putative class member is from a state different from Apple.

13. This Court has personal jurisdiction over Apple because it is incorporated under the laws of the State of California; its corporate headquarters and principal place of business are located in

Cupertino (Santa Clara County), California; it conducts substantial business in this District; and a substantial part of the acts and omissions complained of occurred in this District.

14.     Venue is proper in this judicial district under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District. Apple has its principal place of business in this District; it is authorized to conduct business in this District; it has intentionally availed itself of the laws and markets within this District; it does substantial business in this District; and it is subject to personal jurisdiction in this District.

## COMMON CLASS ALLEGATIONS

### A.     Apple Touted the Audio Quality of Its AirPods Pro Gen 1

15.     Apple announced its AirPods Pro Gen 1 on October 28, 2019, and released them on October 30, 2019. Apple continued to sell AirPods Pro Gen 1 until September 7, 2022.

16.     From its first press release announcing AirPods Pro Gen 1, on October 28, 2019, Apple touted the first generation AirPods Pro Gen 1's noise cancelling features, superior, clear sound, and high audio quality.[1] Apple also highlighted that the design of the first generation AirPods Pro Gen 1 had superior audio capabilities compared to other headphones by providing a "superior noise-canceling experience," through the combination of two microphones and "advanced software" that was supposed to remove unwanted background noise.[2]

17.     An advertisement also released on October 28, 2019 similarly emphasized Apple's AirPods Pro Gen 1 audio capabilities—claiming that the AirPods Pro Gen 1 offered consumers "superior sound quality" with "pure, incredibly clear sound" that "cuts out the noise" for a "rich, consistent listening experience."[3] Apple further promised a superior audio experience compared to its competition— representing that the AirPods Pro Gen 1 were "the only in-ear headphones with Active Noise Cancellation that continuously adapts to the geometry of your ear and the fit of your ear tips – blocking out the world

---

[1]  Apple AirPods Pro Gen 1 Press Release, posted October 28, 2019, available here: https://perma.cc/3G3B-B4TV (last visited Oct. 1, 2024).

[2] *Id.*

[3] Apple AirPods Pro Gen 1 web advertisement, posted October 28, 2019, available here: https://perma.cc/SQG3-PZCU (last visited Oct. 1, 2024).

so you can focus on what you are listening to."[4] In promoting its Transparency mode, which is still supposed to cancel "internal" noise with an inward facing microphone, Apple claimed that its AirPods Pro "let[] outside sound in, and allow[ed] things to sound and feel natural when you're talking to people nearby."[5] In other words, Apple promised that both modes would block unwanted sound produced internally, externally or both, and produce clear, high quality sound for their users.

18.    Apple also released numerous television commercial advertisements that sought to promote the noise cancelling features of the AirPods Pro Gen 1. For example, in one such commercial, a woman can be seen walking along a busy city street, with the constant buzz of people, cars, and other noises in the background until she activates the noise cancellation features of her AirPods Pro Gen 1, at which point she is depicted as though she is dancing down a deserted street, with no background noise at all.[6] Similar ads were run showing other individuals in busy streets, who began dancing as soon as they turned on their AirPods Pro Gen 1 and were able to eliminate background street noise.[7]

19.    Immediately following Apple's announcement of the first generation AirPods Pro Gen 1 and beginning on or about October 28, 2019, Apple continued to make these consistent representations in print ads, television ads, on shelves at point of sale, on its website, and on third-party websites like BestBuy,[8] Target, [9] and Amazon[10] until at least September 7, 2022—when Apple announced AirPods Pro Gen 1's successor, the second generation of AirPods Pro[11].

---

[4]  Apple AirPods Pro Gen 1 web advertisement, posted October 28, 2019, available here: https://perma.cc/SQG3-PZCU (last visited Oct. 1, 2024).

[5]  Apple AirPods Pro Gen 1 web advertisement, posted October 28, 2019, available here: https://perma.cc/SQG3-PZCU (last visited Oct. 1, 2024).

[6]  Apple: AirPods Pro Snap; https://www.youtube.com/watch?v=DpcXUXtZ4CU (posted Apr. 3, 2020) (last visited Oct. 4, 2024).

[7]*See, e.g.*, Apple AirPods Pro TV Spot, 'Jump' Song by Young Franco, available here: https://www.ispot.tv/ad/OVi_/apple-airpods-pro-jump-song-by-young-franco (posted Mar. 14, 2021) (last visited Oct. 4, 2024); AirPods Pro Commercial, available here: https://www.youtube.com/watch?v=C4AOtoidPPk (posted Mar. 5, 2023) (last visited Oct. 4, 2024).

[8] *See BestBuy's website*, as of November 4, 2019, available here: https://perma.cc/28NK-35NK.

[9] *Target's website*, as of March 5, 2020, available here: https://perma.cc/A2NV-A7R8.

[10] *See, e.g.*, *Amazon's website*, as of February 4, 2022 available here: https://perma.cc/W2KF-723V; *see also Amazon's website* at https://perma.cc/L8XA-Q37T (last visited October 25, 2024).

[11] "Apple announces the next generation of AirPods Pro," available here: https://perma.cc/83YC-LACV (posted Sept. 7, 2022) (last visited Oct. 4, 2024).

4

20.     Apple's retailers, like Target, Amazon, and BestBuy, displayed language at the point of sale and on its own websites[12] that was provided by Apple and in material respects identical to the language advertising Airpods Pro Gen 1 on Apple's website. For example, Apple instructed its retailers to advertise the AirPods Pro Gen 1 as capable of providing "active noise cancellation for immersive sound," and that it had "transparency mode for hearing and connecting with the world around you."

**B.     Apple Admits That AirPods Pro Gen 1 Had an Audio Defect**

21.     Although Apple promised that its AirPods Pro Gen 1 had superior audio quality and noise cancelling features, in October 2020, Apple admitted that its AirPods Pro Gen 1 headphones contained an Audio Defect associated with "sound issues," including crackling, static, and interruption and loss of sound.[13]

22.     Specifically, Apple admitted that "AirPods Pro may experience sound issues" where AirPods Pro "may exhibit one or more of the following behaviors:

- Crackling or static sounds that increase in loud environments, with exercise or while talking on the phone;
- Active Noise Cancellation not working as expected, such as a loss of bass sound, or an increase in background sounds, such as street or airplane noise."

23.     Apple first admitted to these sound issues when it published a support page, "AirPods Pro Service Program for Sound Issues"—stating that it would replace earbuds manufactured before October 2020 with a confirmed issue, if a user succeeded in following Apple's process for obtaining a replacement. But the replacement set of AirPods Pro Gen 1 contained the same Audio Defect. In other words, those users simply received another defective set of AirPods Pro Gen 1, with many users later experiencing the Audio Defect with the defective replacement set as well.[14]

---

[12] Apple AirPods Pro Gen 1 web advertisement, posted October 28, 2019, available here: https://perma.cc/SQG3-PZCU (last visited Oct. 1, 2024); *see also supra* n. 8 (Best Buy), n. 9 (Target), n. 10 (Amazon).

[13] "AirPods Pro Service Program for Sound Issues," posted Oct. 30, 2020, available here: https://perma.cc/KXJ3-GGTH (information available as of Sep. 1, 2021) (last visited Oct. 7, 2024).

[14] *See, e.g.*, "Apple Quietly Extends AirPods Pro Repair Program That Addresses Crackling/Static." MacRumors.com News Discussion Board containing multiple posts about replacement AirPods experiencing same crackling issues, available here: https://perma.cc/M9KK-LYQ9/ (posted Oct. 13, 2021) (last visited Oct. 7, 2024).

24.     Apple was also aware that the Audio Defect continued to manifest for users after its initial admission that there were sound issues in 2020. When Apple originally launched its Service Program on October 30, 2020, the "program cover[ed] affected AirPods Pro for 2 years after the first retail sale of the unit[,]" with Apple specifically agreeing to replace affected earbuds until October 31, 2021. Then, just two weeks shy of this 2-year mark, Apple updated its Service Program to "cover[] affected AirPods Pro for 3 years after the first retail sale of unit[,]" in other words, for an additional year, through October 31, 2022.[15] In short, Apple extended the program because it knew it could not fix the problem.

25.     While Apple buried this admission on a support page that users had to search out and pursue, Apple never made any effort to notify AirPod Pro Gen 1 purchasers. For example, Apple never pushed out this Service Program to its users through their cell phones, website accounts, or other apps, which it could have done.

**C.      The Audio Defect Inherent in AirPods Pro Gen 1 Persisted after October 2020**

26.     Further, although Apple has only admitted to the Audio Defect in units manufactured before October 2020, Plaintiffs' investigation confirms that all AirPods Pro Gen 1 have the Audio Defect—regardless of manufacture date.

27.     A microscopic examination of AirPods Pro Gen 1 sold before and after October 2020 reveals that there are no significant component differences between AirPods Pro Gen 1 before and after October 2020. *See*, *e.g.*, Exhibit 2 (Appendix A, B, C (depicting microscopic comparisons showing same material components)).

28.     A general schematic of the material components of all AirPods Pro Gen 1 appears as follows:

---

[15] *Compare* "AirPods Pro Service Program for Sound Issues," posted Oct. 30, 2020, available here: https://perma.cc/KXJ3-GGTH (information available as of Sep. 1, 2021) (last visited Oct. 7, 2024) *with* Exhibit 1.



29.     Plaintiffs' investigation further reveals that, while Apple briefly experimented with a possible quick fix—by replacing the MEMs microphones after the October 2020 date before reverting to the original MEMs microphones—Apple's attempt at a quick fix had no impact on the Audio Defect.[16]

30.     Plaintiffs' investigation corroborates that all AirPods Pro Gen 1 have the same material components and same Audio Defect regardless of manufacture date. For instance, Plaintiffs' investigation shows that multiple units sold after October 2020 manifested the Audio Defect and failed Apple' sound test—thus corroborating user complaints and suggesting that *all* AirPods Pro Gen 1 contain an Audio Defect regardless of whether they were manufactured before or after October 2020.

---

[16] Plaintiffs' investigation suggests that Apple predominately utilized the Goertek model GWM1 microphone post October 2020 but experimented with a microphone that had a different frequency response and/or different SNR ("Sound to Noise Ratio") to see if there might be an easy fix for the problems with AirPods Pro Gen 1's noise cancelling features before reverting to the originally used Goertek model GWM1 microphone. For example, Appendix D (*see* Ex. 2), depicts microphotos of the MEMS microphone models used in four disassembled AirPods Pro Gen 1s sold after October 2020, which shows that Apple utilized the Goertek model GWM1 microphone in all but one of the 4 disassembled devices. During disassembly and microphotographic examination of these units, the other major components were observed to have no visual differences from the pre-October 2020 models of the AirPods Pro Gen 1. *See* Exhibit 2 (Appendix B (comparing microphones in four defective samples sold between November 2020 and February 2022)). As shown by the continued failure of devices after the October 2020 time frame discussed herein, Apple's attempt at a "quick fix" by switching the MEMS microphone did not materially improve the Audio Defect.

31.     The fact that the Audio Defect persisted in units after October 2020 is thus corroborated by (*inter alia*) (i) the fact that the major component parts did not change (save a nonmaterial, temporary switch of the MEMs microphone that made no difference); (ii) the consistent failures of Apple's sound test for units manufactured after October 2020, including those documented as part of Plaintiffs' investigation; (iii) the continued reports by users experiencing the same sound issues well after the October 2020 date identified by Apple (*see infra* § E); and (iv) the redesign of all audio component parts in the second generation of AirPods Pro (*see infra* § D).

32.     Accordingly, although Apple failed to acknowledge the defect in post-October 2020 devices—while continuing to sell its AirPods Pro Gen 1 at the same time, and for the same price as it was developing its second generation of AirPods Pro in an attempt to address AirPods Pro Gen 1's inherent Audio Defect—AirPods Pro Gen 1 headphones sold after October 2020 still contained the Audio Defect.

33.     The AirPods Pro Gen 1 were thus not worth the premium price that consumers paid for them—as they contained an Audio Defect and did not live up to Apple's advertising, which promised quality audio and noise cancelling capabilities.

**D.    The Audio Defect Inherent in AirPods Pro Gen 1 Precipitated the Development of the AirPods Pro Gen 2**

34.     Although there are no significant changes in the material components among all AirPods Pro Gen 1 headphones, microscopic examination confirms that the material audio components were redesigned in the AirPods Pro Gen 2 units released to replace Apple's AirPods Pro Gen 1. Specifically, the DSP processor, the rear facing microphone, and the error microphone were all redesigned. *See* Exhibit 2 (Appendix E).[17]

35.     In particular, Apple appears to have attempted to solve the AirPods Pro Gen 1's Audio Defect in the redesign of AirPods Pro Gen 2 by (i) increasing the processing speed of the DSP processor (responsible for noise cancelling or decreasing background ambient noise), and by (ii) redesigning the speakers to add angular striations along its periphery to improve low frequency (base tone) response.

---

[17] The MEMS speaker is also different from any MEMS speaker used in AirPods Pro Gen 1—likely a change to accommodate AirPods Pro Gen 2's faster DSP processing speed.

36.     Apple developed AirPods Pro Gen 2 with increased processing speed because the noise cancelling circuitry of the DSP processor in the AirPods Pro Gen 1 was too slow to reject abrupt noises and may have created white noise.

37.     In that regard, although Apple claimed on its website that its AirPods Pro Gen 1 models had noise cancelling adjusted at 200 times per second, Apple touts its AirPods Pro Gen 2 models as having an improved processor chip called the H2 which facilitated "2x more Active Noise Cancellation."[18]

38.     In other words, because the speed of the DSP processor likely contributed to the Audio Defect in the AirPods Pro Gen 1, Apple seems to have decided to develop a significantly faster DSP processor in the AirPods Pro Gen 2. Apple's apparent awareness that the DSP processing speed contributed to the Audio Defect in AirPods Pro Gen 1 is further corroborated by its telling instruction to third parties to disable ANC functionality in AirPods Pro Gen 1 when encountering noise issues.

39.     If a DSP processor is too slow, as it was in the AirPods Pro Gen 1, it can generate white noise as it attempts to cancel out background noise, which gets amplified by AirPods Pro Gen 1's "error microphone."[19]   The result is "white noise"[20] and/or "feedback noise."[21]

---

[18] https://perma.cc/9MXY-L4M4 (last visited Oct. 4, 2024); *see also* https://perma.cc/34YP-5W6E (last visited Oct. 23, 2024); https://perma.cc/LHG6-CT5F (last visited Oct. 23, 2024).

[19] SoundSightr, "5 Reasons Why Active Noise Cancelling is Bad (Read This Before Buying)," posted Mar. 26, 2022, available here: https://perma.cc/LHG6-CT5F (last visited Oct. 4, 2024).

[20] White noise is generated by the ANC circuitry and multiple microphones on the outside and inside of the headphones in their effort to cancel a wide range or frequency sounds out. Due to the slower DSP processing AirPods Pro Gen 1, and the unpredictable and changing nature of ambient noise, the ANC circuity could not reproduce a cancelling anti-noise in time causing white noise. *See* SoundSight Journal, "5 Reasons Why Active Noise Cancelling is Bad (Read This Before Buying)," March 26, 2022 (available here: https://perma.cc/LHG6-CT5F (last visited Oct. 4, 2024)) ("Noise-cancelling can generate white noise. Hybrid ANC headsets have a problem called 'white noise,' which is the combination of all audible frequencies equally. This is not a loud high-pitched sound, but a noise generated by the ANC circuitry and multiple microphones on the outside and inside in their effort to cancel a wide range of frequencies.").

[21] Feedback noise is also generated by the additional "error microphone" that is in front of AirPods Pro Gen 1's speaker to give the DSP processor a second chance to detect an error in its first pass at cancelling ambient noise—this speaker may perceive some parts of music or voice audio as ambient noise and attempt to attenuate the sound that belong to the music—resulting in an audible noise that the microphone and DSP processor try and cancel out again in a feedback loop. *See* SoundSightr Journal, "5 Reasons Why Active Noise Cancelling is Bad (Read This Before Buying)," March 26, 2022 (available here: https://perma.cc/LHG6-CT5F (last visited Oct. 4, 2024)) ("Feedback noise—Recursive capture of noise by an internal microphone. Feedback noise is present in headphones with Feedback and Hybrid

40.     Additionally, to attempt to fix the problem with feedback in AirPods Pro Gen 1 units, Apple also added angular striations around the periphery of the AirPods Pro Gen 2 speaker diaphragm to improve low frequency base tone response—as the largest vibration excursions in speaker diaphragms are caused by the lowest frequency base tones.

41.     In short, rather than attempt fix the problem with AirPods Pro Gen 1, Apple abandoned AirPods Pro Gen 1 and the sound issues it new the headphones had, but could not figure how to solve by, instead, experimenting with improvements aimed at fixing the problem in a new generation.

### PLAINTIFFS' FACTUAL ALLEGATIONS

#### Plaintiff Lindsey LaBella

42.     Plaintiff Lindsey LaBella is a resident and citizen of Allegheny County, Pennsylvania. At all times relevant hereto, she has resided in Pennsylvania.

43.     On or about April 24, 2020, Plaintiff LaBella spent over $250 with tax to purchase an AirPods Pro Gen 1, model A2084, from the Apple Store online.

44.     Prior to her purchase, Ms. LaBella viewed a commercial touting, *inter alia*, the AirPods Pro Gen 1 headphones' noise cancelling features and ability to provide users a high-quality audio, immersive sound experience. Nowhere in Apple's labeling or advertising did Apple disclose that AirPods Pro Gen 1 had an Audio Defect known to, in fact, *cause* sound issues.

45.     Apple's representations that AirPods Pro Gen 1 had noise cancelling capabilities and that AirPods Pro Gen 1 provided high-quality audio were substantial factors in Ms. LaBella's decision to purchase AirPods Pro Gen 1 for over $250. In other words, Ms. LaBella relied on Apple's representations that the AirPods Pro Gen 1 were noise cancelling and would eliminate unwanted sounds, and that the headphones would provide her with a high-quality sound experience.

46.     Ms. LaBella would not have bought or would have paid substantially less for her AirPods Pro Gen 1 had she known that they had an Audio Defect known to cause sound issues.

---

technologies. Unlike Feedforward headphones, these two types of headphones have an additional internal microphone in front of the speakers to pick up sounds behind the ear cups. Because of these design flaws, some parts of your music may be perceived as noise, which interferes with the user's listening experience.").

CLASS ACTION COMPLAINT

47.     Contrary to Apple's representations that AirPods Pro Gen 1 would provide listeners with high-quality sound that eliminated unwanted noise with its noise cancelling features, and although Apple did not disclose in its advertising that its AirPods Pro Gen 1 were known to cause sound issues, Ms. Labella experienced audio issues with her AirPods Pro Gen 1 that rendered them unusable.

48.     Just over a year following her purchase, Ms. LaBella experienced static and crackling sounds in both earbuds after inserting her AirPods Pro Gen 1 earbuds into her ears. The static and crackling started intermittently and then worsened over time until she could not use either earbud at all.

49.     Apple never notified Ms. LaBella that it had identified an Audio Defect in Apple Airpods Pro Gen 1 or that it had implemented the Service Program.

50.     Ms. LaBella made an appointment at an Apple store, on or about May 16, 2024, regarding the sound issues she was experiencing with her AirPods Pro Gen 1. At that appointment, Apple tested Ms. LaBella's AirPods Pro Gen 1 earbuds using its sound test and confirmed that both earbuds failed. Although Apple's sound test confirmed that her AirPods Pro Gen 1 were defective, Apple informed Ms. LaBella that she would have to pay $89 apiece per earbud to replace them or purchase a new set for $249—the same price she had paid for her defective pair.

**Plaintiff Stacey Rodgers**

51.     Plaintiff Stacey Rodgers is a resident and citizen of Painesville, Ohio. At all times relevant hereto, she has resided in Ohio.

52.     On or about July 24, 2021, Ms. Rodgers spent over $250 to purchase an Apple AirPods Pro Gen 1, model A2084, from a BestBuy store located in Mentor, Ohio.

53.     Prior to her purchase, Ms. Rodgers did not know because Apple did not disclose to her that the AirPods Pro Gen 1 had an Audio Defect known to cause sound issues.

54.     Based on Apple's conduct, including its omissions, Ms. Rodgers reasonably believed that the AirPods Pro Gen 1 provided high-quality audio and would function like high-end headphones as she paid an exorbitant purchase price. Having headphones with high-quality sound worth the expensive, high-end price she paid was a substantial factor in Ms. Rodger's decision to purchase her AirPods Pro Gen 1. In other words, her decision to enter the higher-end earphone market and pay the amount of money that

she did was based on her understanding that the AirPods Pro Gen 1 that she purchased would provide her with a high-quality sound experience as advertised.

55.     Had Ms. Rodgers known the AirPods Pro Gen 1 had an Audio Defect known to cause sound issues, she would not have bought or would have paid substantially less for her AirPods Pro Gen 1.

56.     Contrary to Apple's representations that AirPods Pro Gen 1 would provide listeners with clear, high-quality sound, and although Apple did not disclose in its advertising that AirPods Pro Gen 1 were known to cause sound issues, Ms. Rodgers experienced audio issues with her AirPods Pro that rendered them unusable.

57.     Ms. Rodgers first experienced issues with her AirPods on or about September 1, 2023. Specifically, she experienced static and crackling noises in both earbuds after inserting Apple AirPods Pro Gen 1 into her ears. Initially, the audio disruption was intermittent, inconsistent, and significantly worse in one earbud such that she switched to using the other earbud exclusively until a few weeks later when that one also deteriorated to a point where she could no longer use either of the earbuds.

58.     Apple never notified Ms. Rodgers that it had identified an Audio Defect in the Apple AirPods Pro Gen 1 or that it had implemented a Service Program.

59.     On or about November 4, 2023, after experiencing the Audio Defect in both earbuds, rendering the set unusable, Ms. Rodgers visited an Apple store in Woodmere, Ohio.

60.     During her appointment at the Apple store regarding the Audio Defect with her AirPods Pro, the Apple employee ran a sound test on both AirPods. The representative informed Ms. Rodgers that both AirPods failed the sound test and that if she wanted to replace either earbud, she would have to pay $89 apiece.

**Plaintiff Michael Pawson**

61.     Plaintiff Michael Pawson is a resident and citizen of Harris County, Texas. At all times relevant hereto, he has resided in Texas.

62.     On or about November 25, 2019, Mr. Pawson spent over $250 with tax to purchase a pair of Apple AirPods Pro Gen 1, model A2084, from Target online.

63.    Mr. Pawson was looking for headphones with high quality sound and had been waiting for Apple to release ones with a noise cancellation feature. He was thus drawn to the AirPods Pro Gen 1 specifically because of their noise cancelling capabilities.

64.    Prior to purchase, Mr. Pawson visited Apple's website, which advertised its AirPods as providing "active noise cancellation for immersive sound" and "transparency mode for hearing and connecting with the world around you."[22] He then visited Target's website, which displayed materially identical language, consistent with Apple's promises on its own website.[23]

65.    Nowhere in Apple's labeling or advertising did Apple disclose that AirPods Pro Gen 1 had an Audio Defect known to, in fact, *cause* sound issues.

66.    Apple's representations that the AirPods Pro Gen 1 had noise cancelling features and provided high-quality audio were substantial factors in Mr. Pawson's decision to purchase AirPods Pro Gen 1 for over $250.

67.    Prior to his purchase of the Apple AirPods Pro Gen 1, Mr. Pawson had purchased various generic off-brand headphones. The promise of high-quality sound with the noise cancelling feature of the AirPods Pro Gen 1 motivated Mr. Pawson to enter the more expensive Apple headphone market.

68.    In other words, in making his purchase, Mr. Pawson relied on Apple's representations that the AirPods Pro Gen 1 were noise cancelling and would eliminate unwanted sounds, so as to provide him with a high-quality sound experience.

69.    Mr. Pawson would not have bought or would have paid substantially less for his AirPods Pro Gen 1 had he known that AirPods Pro Gen 1 had an Audio Defect known to cause sound issues.

70.    Contrary to Apple's representations that AirPods Pro Gen 1 would provide listeners with high-quality sound that eliminated unwanted noise with its noise cancelling feature, and although Apple did not disclose in its advertising that AirPods Pro Gen 1 were known to cause sound issues, Mr. Pawson experienced audio issues with his AirPods Pro Gen 1 soon after purchase and with every AirPods Pro

---

[22]    Apple AirPods Pro Gen 1 web advertisement, posted October 28, 2019, available here: https://perma.cc/SQG3-PZCU (last visited Oct. 1, 2024).

[23] *See, e.g.*, Target, as of March 5, 2024, available here: https://perma.cc/A2NV-A7R8.

Gen 1 earbud replacement that Apple provided—as the replacement AirPods Pro Gen 1 earbuds contained the same inherent defect.

71.    Mr. Pawson first experienced issues with his AirPods Pro Gen 1 just under one year following his purchase, in November 2020. Specifically, he experienced static and crackling sounds from his right AirPod Gen 1 earbud. These sound issues produced an inconsistent, poor quality listening experience.

72.    In researching the problem, Mr. Pawson found complaints from other AirPods Pro Gen 1 purchasers online, which prompted Mr. Pawson to contact Apple and inform the company that he was experiencing the same type of crackling and other sound issues as the similar customer complaints he had seen online. Apple agreed to replace one of Mr. Pawson's earbuds with another AirPod Pro Gen 1 earbud, but unbeknownst to Mr. Pawson at the time, the replacement AirPod Pro Gen 1 earbud was equally defective as it had the same Audio Defect.

73.    In January 2021, Mr. Pawson thus began experiencing the same audio issues again, but this time with his left AirPod Pro Gen 1 earbud. On or about January 19, 2021, he again contacted Apple and informed the company that he was experiencing the same problems that he had experienced with his right earbud a little over a year earlier. Apple thus again exchanged Mr. Pawson's left AirPod Pro Gen 1 earbud with another AirPod Pro Gen 1, which again contained the same inherent Audio Defect.

74.    On or about November 2023, the same static and crackling noises presented whenever he used his replacement AirPods Pro Gen 1. Initially, the audio disruption was intermittent and inconsistent. But the audio disruption quickly worsened to a point where he stopped using his AirPods Pro Gen 1 entirely.

75.    Mr. Pawson contacted Apple again to report the same audio issues, with Apple telling Mr. Pawson that he would have to go to the Apple store.

76.    On or about December 5, 2023, Mr. Pawson made and went to an appointment at the Apple Houston Galleria store located in Houston, Texas. The Apple employee there took his AirPods Pro Gen 1 for a sound test.  Both earbuds failed. Although the Apple employee informed Mr. Pawson that his AirPods Pro Gen 1 had failed the sound test, the Apple employee told Mr. Pawson that the best Apple could do for Mr. Pawson was to sell him replacement earbuds at $89 per earbud. Given the combined

cost to replace both earbuds, the Apple employee thus recommended that Mr. Pawson buy an entirely new pair, which would have required him to spend hundreds of more dollars in addition to the hundreds of dollars he had already spent for his defective pair.

      **E.**    **Apple Has Long Been Aware of Consumers' Complaints About the Audio Defect**

      77.    Plaintiffs' experiences are by no means isolated occurrences. Since soon after the release of AirPods Pro Gen 1 in October 2019, owners of AirPods Pro Gen 1 have complained on Apple's own website regarding the Audio Defect. Indeed, the internet is replete with examples of blogs and other websites where consumers have complained of the exact same Audio Defect with their AirPods Pro Gen 1, irrespective of whether they were manufactured before or after Apple's arbitrary October 2020 cutoff.

      78.    The following are just a few examples of the numerous user complaints reporting the sound issues Apple itself has acknowledged:

- "The left airpod makes a loud static wind-like sound whenever I use the passthrough mode or the noise cancelling mode . . . I tried re-pairing it. I tried a different iPhone. Im on the latest iOS. Nothing got it working." (posted October 30, 2019).[24]

- "…. [Apple] agreed to replace one of the AirPods (the one making the noise) but insisted that if it happens again, that's 'normal behaviour.'" (response posted January 10, 2020).[25]

- "In my left AirPod while I had the Noise cancelling or Transparency mode on I hear a crackling noise. They are only a couple weeks old. When I play audio there is static noise I hear also when people are speaking." (posted April 20, 2020).[26]

- My right AirPods Pro has recently started making this noise where it kind of sounds like someones blowing on a microphone in transparency or noise cancelling mode. I've tried resetting them but this did nothing to fix them. The sound happens at all times whether I have

---

[24] "Broken airpods pro. Static noise." Reddit thread available here: https://perma.cc/UYZ3-DX89 (posted Oct. 30, 2019) (last visited Oct. 7, 2024).

[25] "Broken airpods pro. Static noise." Reddit thread available here: https://perma.cc/UYZ3-DX89 (posted Oct. 30, 2019) (response posted Jan. 10, 2020) (last visited Oct. 7, 2024).

[26] "AirPod Pros Crackling while in Noise cancelling and Transparency mode?" Apple Discussion Board available here: https://perma.cc/T4QM-7GVH  (posted Apr. 20, 2020) (last visited Oct. 7, 2024).

music playing or not. If anyone could help it would be very appreciated. (posted January 18, 2021).[27]

79.    Based upon these consumer complaints, many of which were made directly to Apple, including on its own website, Apple had knowledge of, or should have had knowledge of, the Audio Defect in the AirPods Pro Gen 1 by the end of October 2019, if not earlier, but in all events long before Apple admitted the sound issues with its AirPods Pro Gen 1 in October 2020 in connection with its so-called Service Program.

80.    In fact, in May 2020, Apple posted support documents on its website for troubleshooting audio issues and had in some instances replaced defective earbuds, albeit with another Apple AirPod Pro Gen 1 earbud that contained the same inherent Audio Defect Apple later admitted was known to cause sound issues. These two actions effectively prove Apple was aware of the Audio Defect, but continued to market and sell first generation AirPods Pro as if they were not defective.[28]

81.    Later, in October 2020, Apple admitted on a support page that its AirPods Pros Gen 1 contained an Audio Defect associated with crackling, static, and interruption and loss of sound and claimed that the company would replace qualifying earbuds.[29] Those replacements, however, had the exact same Audio Defect that all Apple AirPods Pro Gen 1 have—including those manufactured after October 2020 when Apple admitted the defect.[30]

82.    Indeed, consumer complaints continued with respect to AirPods Pro Gen 1 units sold after October 2020 and continue to be posted directly to Apple's website to this day. For example, on Apple's

---

[27] "Airpod crackling noise." Reddit thread available here: https://perma.cc/4T3T-ZCUK (posted Jan. 18, 2021) (last visited Oct. 7, 2024)

[28] *See* Apple Support Page, "AirPods Pro Service Program for Sound Issues," published October 30, 2020; available through the Wayback Machine here: https://perma.cc/KXJ3-GGTH (last visited September 3, 2024).

[29] "AirPods Pro Service Program for Sound Issues." ("Information as of 2020-10-30"). https://perma.cc/KXJ3-GGTH (last visited Oct. 7, 2024).

[30] "Apple Quietly Extends AirPods Pro Repair Program That Addresses Crackling/Static." MacRumors.com News Discussion Board containing multiple posts about replacement AirPods experiencing same crackling issues, available here: https://perma.cc/M9KK-LYQ9/ (posted Oct. 13, 2021) (last visited Oct. 7, 2024).

Community forum, one user posted that Apple had identified the sound issue in her device but told her she did not qualify for replacement based on the date her device was manufactured:

> Recently my AirPods Pro starting having crackling noises with noise cancellation mode and relatively loud surrounding noises. After reading online that it's a known issue for those manufactured prior to October 2020, I took them to the Apple store. A sound test was performed, and they both failed. Was informed that my AirPods are doing the same thing, but they were manufactured about one month after October 2020. This has been extremely frustrating given that they are doing the same thing, but they were manufactured outside the "recognized timeframe".
>
> Thoughts on next steps? We have been loyal Apple customers for decades, but we will not purchase anymore products unless this gets resolved. Thanks in advance for any assistance. (Posted May 11, 2022).[31]

83.    Other users similarly complained, on Apple's website and on other forums, that Apple AirPods Pro Gen 1 manifested the sound issues caused by the Audio Defect even though manufactured after October 2020:

- "My 1st Gen AirPod Pros have the exact same issue as the Service Program describes. However, when I talked with Apple Support they said that since mine were made in Q1 2021 they're not eligible for replacement.  It definitely seems like the manufacturing problem went past October 2020, but Apple is insistent that the problem was fixed (even though myself and others I've seen here and on Reddit with post Oct 2020 units are having the same issue)." (posted October 4, 2022).[32]

- "Hey everyone, I'm having issues with my gen 1 AirPods Pro. They are the textbook definition of the hardware defect covered by Apple's 'AirPods Pro Service Program for Sound Issues'. They have a crackle/static noise that is constant when in transparency or noise cancelation mode and I've tried every 'fix.' Today, after multiple support tickets I had someone finally confirm that my AirPods were manufactured over a year after the 8/20 [sic] cutoff for the extended warranty program. Is there any way at all that I can get my airpods

---

[31] "AirPod Pros crackling noise." Apple Discussion Board available here: https://perma.cc/3RYU-Q2KH (posted May 11, 2022) (last viewed Oct. 4, 2024).

[32] "AirPods Pro Service Program - beyond Oct 2020." Apple Discussion Board available here: https://perma.cc/D6PG-KG4B (posted Oct. 4, 2022) (last viewed Oct. 4, 2024).

fixed/replaced under warranty? I have heard, and was confirmed by Apple support, that people are still experiencing this hardware defect past Apples cutoff date. I really do not want to give any more money to Apple to fix or replace these AirPods as I've had a horrible experience with factory hardware defects on Apple devices this year, so if there's anything else I can do please let me know. ps. Apple, you REALLY need to review your program for gen 1 AirPods Pro as they obviously had manufacture defects past October of 2020." (posted June 12, 2023).[33]

- "My Gen 1 AirPods Pros have the dreaded crackling sound in the right earbud when I move around. I saw the Apple support page about replacements for this issue and made an Apple Store appointment. They did diagnostics and said that the right earbud failed. However, I guess I don't qualify for the program since my AirPods were manufactured in 2021 (limit is Oct 2020). Also, my warranty recently expired. My only option was to buy a replacement earbud for $89. They told me to call apple support and see if they could do something different. But the support line told me the same thing. Welp that sucks. I hope they expand the service program at some point. No way I'm buying AirPods Pro Gen 2, heard those are facing the same issue. Guess I'm just venting here, but does anyone have a recommendation for what I should do? The crackling sound is mildly infuriating while running." (posted November 10, 2022)[34]

- "One of my AirPods has started cracking/having static with any sound/movement. I know this is a known issue in AirPods produced before October 2020 and those are eligible for replacement. Mine were manufactured March 2021 and I bought them October 2021 and I would say they've been treated lightly in that time but is nearly unusable after only 1.5 years which seems ridiculous. Apple "genius" could only offer replacement for $90. Wondering if

---

[33] "airpods pro gen 1 extended warranty." Apple Discussion Board available here: https://perma.cc/C97W-SES8 (posted Jun. 12, 2023) (last visited on Oct. 4, 2024)

[34] " AirPods Pro (Gen 1) Crackling Issue In Right Earbud - Apple Will Not Replace." Reddit thread available here: https://perma.cc/2GZW-NE35 (posted Nov. 10, 2022) (last visited Oct. 4, 2024).

anyone else had experienced this or if I should have only expected them to last less than 2 years… thanks!" (posted March 27, 2023).[35]

- "I have the same issue. Went to Apple they checked them and found out both AirPods have their mistake which makes this crackling, told me they can't fix them bc the manufacturing date is a week off from their "recall" even though the same issue is present." (posted April 1, 2023).[36]

- "Yes. My son's had this exact problem and were manufactured after the cutoff. It's complete BS that the crackling issue was fixed. I got the same story from the Apple Store associate. I love the Airpod Pros, but it's clear there was a design flaw well beyond the date acknowledged by Apple. Usually Apple backs their products, but this was a case where they really let me down." (posted March 27, 2023).[37]

84.    Notwithstanding the above, Apple has not broadened its Service Program to cover units manufactured after October 2020 even though, *inter alia*, (a) users continued to report on Apple's discussion boards into 2024 the same Audio Defect with AirPods Pro Gen 1 manufactured after October 2020;[38] (b) Apple representatives are continuing through sound tests at Apple stores to confirm that such AirPods Pro Gen 1 have the Audio Defect;[39] (c) Apple itself acknowledged on a Support Page as recently as March 2024 that users of AirPods Pro Gen 1 may *still* be experiencing the crackling or static sounds.[40]

85.    Despite users' complaints on Apple's website, Apple has also not extended its Service Program to apply to consumers whose AirPod Pro Gen 1s were manufactured prior to October 2020, but

---

[35]"Crackling in AirPods made after October 2020." Reddit thread available here: https://perma.cc/GTU7-LQE7 (posted Mar. 27, 2023) (last visited Oct. 4, 2024).

[36] "Crackling in AirPods made after October 2020." Reddit thread available here: https://perma.cc/GTU7-LQE7 (response posted Apr. 1, 2023; edited Apr. 3, 2023) (last visited Oct. 4, 2024).

[37] "Crackling in AirPods made after October 2020." Reddit thread available here: https://perma.cc/GTU7-LQE7 (response posted Mar. 27, 2023) (last visited Oct. 4, 2024).

[38] "My AirPods Pro (1st generation) make crackling, buzzing or static sounds." Apple Discussion Board available here: https://perma.cc/T5AB-8G2G (posted Aug. 25, 2023, most recent post Jul. 30, 2024) (last visited Oct. 4, 2024).

[39] *See supra*, ¶¶49 and ¶¶59 (Plaintiff Experiences: LaBella – testing May 2024, and Rodgers – testing November 2023)

[40] "If your AirPods Pro (1st generation) make crackling or static sounds." Apple Support page available here: https://perma.cc/7GYK-FZU7 (posted Mar. 1, 2024) (last visited Oct. 4, 2024).

for whom the Audio Defect manifested after the 3-year period. For example, this user—in response to dozens of other users complaining that their AirPod Pro Gen 1s manufactured after October 2020 failed and Apple refused to replace them—complained:

> I go and am told yes the left one is broken, the right one also failed. My serial number IS in the recall, but it was passed the 3 years. It has been broken for more than a year, but I just put them away because I had no idea about the recall. You want to tell me apple doesn't know how to send out a message to let us know??? (posted July 30, 2024).[41]

86.    Indeed, although Apple knew shortly after launch that its AirPods Pro contained an Audio Defect, Apple elected to omit this from its continued advertisements and promotional materials, while affirmatively misrepresenting the benefits and superior sound quality of the AirPods Pro, including their noise cancelling features.

87.    Even following Apple's own admission that its AirPods Pro Gen 1 suffered from an Audio Defect, Apple failed to notify consumers who had purchased the admittedly defective headphones. Rather than notify purchasers through the same channels where it was affirmatively advertising its misrepresentations of the benefits and superior sound quality of the AirPods Pro Gen 1, including their noise cancelling features, or pushing out information on its Support app linked to the devices,[42] Apple merely posted a browser support page on its website in October 2020, which users would not find unless they looked for it specifically.[43]

---

[41] "My AirPods Pro (1st generation) make crackling, buzzing or static sounds." Apple Discussion Board available here: https://perma.cc/T5AB-8G2G (Discussion Board posted Aug. 25, 2023) (response posted Jul. 30, 2024) (last visited Oct. 7, 2024).

[42] Through Apple's "Support App" which users could access from their Apple iPhone, iPad, and computer, users could view support information for each of their paired Apple devices. For example, by clicking on their "AirPods Pro" device from the Support app, users could see information about their AirPods Pro Gen 1 "Audio & Sound," "Lost or Missing AirPods," "Pairing & Connectivity," the model, serial number, and "Coverage Info." Although users were able to retrieve an abundance of information about their devices from Apple's Support app, Apple never notified its users through the Support app or otherwise that it had identified an Audio Defect that caused the AirPods Pro Gen 1 to produce static sound and poor-quality audio or that it had implemented a Service Program (albeit ineffective) regarding the Audio Defect.

[43] Notably, Apple also did not announce the 1-year extension of its Service Program, but merely updated the text on its support page stating that "[t]he program covers affected AirPods Pro for 3 years after the first retail sale of the unit[,]" whereas previously it stated the program lasted for 2 years. *See, e.g.*, "PSA: Apple silently extended the AirPods Pro Service Program for an additional year, now covering AirPods that crackle for 3 years in total after first sale." Reddit thread available here: https://perma.cc/852E-CKE7 (posted Oct. 13, 2021) (last visited Oct. 7, 2024); *see* "AirPods Pro Service Program for Sound Issues," posted Oct. 30, 2020, available here: https://perma.cc/KXJ3-GGTH (information available as of Oct. 30, 2020) (last visited Oct. 7, 2024).

88.     Apple's conduct in this respect constituted active and intentional concealment and minimization of the Audio Defect, which was material to Plaintiffs' and Class Members' decision to purchase their AirPods Pros and had the effect of discouraging and delaying Plaintiffs and Class Members from pursuing the relief sought herein.

89.     As a result of Apple's active concealment of the Audio Defect and/or failure to inform Plaintiffs and Class Members of the same, any delay on the part of Plaintiffs and Class Members in filing their causes of action cannot reasonably be attributable to lack of diligence on their part.

## CHOICE OF LAW ALLEGATIONS

90.     Because this Complaint is brought in California, California's choice of law regime governs the state law allegations in this Complaint. Under California's governmental interest/comparative impairment choice of law rules, California law applies to the claims of all Class members, regardless of their state of residence or state of purchase.

91.     Although there is no true conflict that should weigh in favor of application of another state's law, because Apple is headquartered—and made all decisions relevant to these claims—in California, California also has a substantial connection to, and materially greater interest than any other state in the rights, interests, and policies involved in this action.

92.     Nor would application of California law to Apple and the claims of all Class members be arbitrary or unfair. Indeed, in the Terms of Service on the Apple website, Apple declares that, "You agree that all matters relating to your access to or use of the Site, including all disputes, will be governed by the laws of the United States and by the laws of the State of California without regard to its conflicts of laws provisions." Although the Terms of Service do not directly apply to this dispute—because they do not relate to consumers' access to or use of the Apple website—this provision demonstrates Apple's recognition and agreement that it is appropriate to apply California law to most disputes between consumers and Apple relating to the Apple product line.

93.     Alternatively, Plaintiffs plead state law claims from the respective states where each named plaintiff resides to govern the state Class each Named Plaintiff represents.

**CLASS ACTION ALLEGATIONS**

94.     Plaintiffs bring this suit as a class action on behalf of themselves and on behalf of all others similarly situated pursuant to Federal Rule of Civil Procedure 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the provisions of Rule 23.

95.     Plaintiffs seek to represent the following <u>Nationwide Class</u>: All persons or entities in the United States that purchased Apple AirPods Pro Gen 1.

96.     In the alternative, Plaintiffs seek to represent the following state sub-classes:

<u>Ohio Class</u>: All persons in Ohio that purchased Apple AirPods Pro Gen 1.

<u>Pennsylvania Class</u>: All persons in Pennsylvania that purchased Apple AirPods Pro Gen 1.

<u>Texas Class</u>: All persons in Texas that purchased Apple AirPods Pro Gen 1.

97.     The Nationwide Class and (alternative) state classes will be referred to collectively as the "Class."

98.     ***Numerosity:*** Members of the Class(es) are so numerous that joinder of all members is impracticable. While the exact number of Class Members remains unknown at this time, upon information and belief, there are millions of putative Class Members throughout the United States, and at least hundreds of thousands in each state. Indeed, in 2021 alone, Apple sold an estimated $12.1 billion worth of AirPods (all models) and holds the largest share of the wireless headset market.[44]

99.     ***Commonality:*** This action involves common questions of law and fact, which predominate over any questions affecting individual Class Members. These common legal and factual questions include, but are not limited to, the following:

a.   Whether the AirPods Pro Gen 1 suffer from an Audio Defect that causes "sound issues" to manifest;

b.   Whether Apple engaged in the misrepresentations and omissions alleged herein;

c.   Whether Apple breached its express warranties as alleged herein;

---

[44] *See* https://perma.cc/4URP-3F8A (estimates based on LinkedIn, Above Avalon data, and estimates from Apple headphones revenue numbers) (last visited Sept. 18, 2024).

d. Whether Apple designed, manufactured, marketed, distributed, sold or otherwise placed the AirPods Pro Gen 1 into the stream of commerce in the United States knowing that they suffered from the Audio Defect;

e. Whether Apple intentionally concealed the Audio Defect in the AirPods Pro Gen 1 from consumers;

f. Whether Plaintiffs and the other Class Members have been harmed by Apple's conduct as alleged herein;

g. Whether Apple was unjustly enriched by its deceptive practices; and

h. Whether Plaintiffs and the Class are entitled to equitable or injunctive relief.

100. ***Typicality***: Plaintiffs' claims are typical of those of the other Class Members because, *inter alia*, all members of the Class(es) were injured through the common misconduct described above and were subject to Apple's unfair and unlawful conduct. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all members of the Class(es).

101. ***Adequacy of Representation:*** Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no disabling conflicts of interest that would be antagonistic to those of the other Class Members. Plaintiffs seek no relief that is antagonistic or adverse to the other Class Members and the infringement of the rights and the damages they have suffered are typical of other Class Members. Plaintiffs have retained counsel experienced in complex consumer class action litigation, and Plaintiffs intend to prosecute this action vigorously.

102. ***Superiority:*** Class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class Members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain Class Members, who could not individually afford to litigate a complex claim against large corporate defendants. Further, even for those Class Members who could afford to litigate such a claim, it would still be economically impractical.

103.    The nature of this action and the nature of laws available to Plaintiffs and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the Class Members for the wrongs alleged because Apple would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources. Although Plaintiffs and Class Members paid a high price point of hundreds of dollars for their defective AirPods Pro Gen 1, the costs of individual suits could unreasonably consume the amounts that would be recovered. Further, proof of a common course of conduct to which Plaintiffs were exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged, and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

104.    Plaintiffs reserve the right to modify or amend the definition of the proposed Class and (alternative) state classes before the Court determines whether certification is appropriate and as the parties engage in discovery.

105.    The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

106.    Individual litigation of the claims of all Class Members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class Members are likely in the millions of dollars, the individual damages incurred by each Class Member resulting from Apple's wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class Members prosecuting separate claims is remote, and even if every Class Member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual Class Members do not have a significant interest in individually controlling the prosecution of separate actions, and the individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

A class action in this matter will avoid case management difficulties and provide multiple benefits, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

107.    Notice of a certified class action and of any result or resolution of the litigation can be provided to Class Members by first-class mail, email, or publication, or such other methods of notice as deemed appropriate by the Court.

108.    Plaintiffs do not anticipate any difficulty in the management of this litigation.

**FIRST CLAIM FOR RELIEF**
**BREACH OF EXPRESS WARRANTY UNDER CALIFORNIA LAW**
**Cal. Unif. Com. Code § 2313**
**(By All Plaintiffs on Behalf of the Nationwide Class)**

109.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

110.    Apple expressly warranted that AirPods Pro Gen 1 provide "superior sound quality" and a noise cancelling feature—including "Active Noise Cancelling" ("ANC") to filter out exterior sound and "Transparency" modes to filter out interior sound, while ensuring that desired sound could be heard clearly in both noise cancelling and transparency modes. These express warranties became part of the basis of the bargain between all Plaintiffs and Class Members and Apple.[45]

111.    In fact, AirPods Pro Gen 1 did not have superior sound quality and did not provide effective noise cancelling. Instead, AirPods Pro Gen 1 had "sound issues" caused by an inherent defect in all AirPods pro Gen 1. Instead of eliminating unwanted sound, the Audio Defect actually produced unwanted sound in the form of crackling and static, thereby decreasing the functionality, usability, and value of Plaintiffs' and other similarly situated purchasers' headphones.

112.    Plaintiffs and Class Members notified Apple of the breaches within a reasonable time, and/or were not required to do so because affording Apple a reasonable opportunity to cure its breach of warranty would have been futile. Apple also knew of the Audio Defect and yet chose to conceal it by

---

[45] Apple's one-year manufacturing warranty is inapplicable to the defect at issue as the defect at issue is inherent in every AirPods Pro Gen 1 earpiece—and does not involve the occasional problem with materials and workmanship covered by Apple's one-year warranty. *See also supra* ¶¶17-20.

warranting and continuing to advertise the noise cancelling benefits of the AirPods Pro Gen 1, while failing to comply with Apple's express warranty obligations and misrepresenting and suppressing communication regarding the known sound issues with its AirPods Pro Gen 1, including by, *inter alia*, (a) failing to affirmatively reach out to consumers and notify them of the known defect with their AirPods Pro Gen 1 headphones, while leaving in place form language by which Apple uniformly communicated misrepresentations to consumers regarding their purported rights and responsibilities in connection with any defects they experienced, and which conflicted with Apple's single buried website discussing the sound issues with Apple's AirPods Pro Gen 1; (b) suppressing and misrepresenting information regarding the sound issues including by claiming that it only affected a "small percentage of AirPods Pro," when in reality Apple knew the sound issues reflected a defect inherent in all AirPods Pro Gen 1; (c) providing consumers with equally defective AirPods Pro Gen 1 as replacements under its one year warranty and purported support program; (d) imposing arbitrary and unreasonable conditions on consumers' ability to obtain refunds or adequate relief for their defective AirPods Pro Gen 1 headphones both through the foregoing conduct, as well as through arbitrary and unreasonable time limitations in its sound Service Program relating to date of manufacture and date of purchase; and (e) refusing to repair, replace, and/or refund Class Members' defective AirPods Pro Gen 1 headphones.

113.    As a direct and proximate cause of Apple's breach, Plaintiffs and Class Members bought AirPods Pro Gen 1 that they otherwise would not have bought, overpaid for their AirPods Pro Gen 1, did not receive the benefit of their bargain, and their AirPods Pro Gen 1 suffered a diminution in value. Plaintiffs and Class Members have also incurred and will continue to incur costs for replacing their AirPods Pro Gen 1.

114.    Plaintiffs and Class Members are entitled to legal and equitable relief against Apple, including damages, consequential damages, specific performance, attorney fees, costs of suit, and other relief as appropriate.

**SECOND CLAIM FOR RELIEF**
**BREACH OF EXPRESS WARRANTY UNDER OHIO LAW**
**Ohio Revised Code Section 1302.26**
**(In the alternative, by Plaintiff Rodgers on Behalf of the Ohio Class)**

115.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

116.    Apple expressly warranted that AirPods Pro Gen 1 provide "superior sound quality" and a noise cancelling feature—including "Active Noise Cancelling" ("ANC") to filter out exterior sound and "Transparency" modes to filter out interior sound, while ensuring that desired sound could be heard clearly in both noise cancelling and transparency modes. These affirmations of fact or promises by Apple to Plaintiffs and Class Members related to the AirPods Pro Gen 1 and became part of the basis of the bargain between all Plaintiffs and Class Members and Apple. [46]

117.    These descriptions of the AirPods Pro Gen 1 created express warranties that the AirPods Pro Gen 1 conformed to the descriptions.

118.    Plaintiff Rodgers, in making her purchase of AirPods Pro Gen 1, relied on the representations, affirmations of fact, or promises outlined above.

119.    In fact, AirPods Pro Gen 1 did not have superior sound quality and did not provide effective noise cancelling. Instead, AirPods Pro Gen 1 had "sound issues" caused by an inherent defect in all AirPods Pro Gen 1. Instead of eliminating unwanted sound, the Audio Defect actually produced unwanted sound in the form of crackling and static, thereby decreasing the functionality, usability, and value of Plaintiff Rodgers' and other similarly situated purchasers' headphones.

120.    Apple has been notified of the breaches within a reasonable time, and/or Plaintiffs were not required to do so because affording Apple a reasonable opportunity to cure its breach of warranty would have been futile. *See* Exhibit 3. Apple also knew of the Audio Defect and yet chose to conceal it by warranting and continuing to advertise the noise cancelling benefits of the AirPods Pro Gen 1, while failing to comply with Apple's express warranty obligations and misrepresenting and suppressing communication regarding the known sound issues with its AirPods Pro Gen 1, including by, *inter alia*,

---

[46] Apple's one-year manufacturing warranty is inapplicable to the defect at issue as the defect at issue is inherent in every AirPods Pro Gen 1 earpiece—and does not involve the occasional problem with materials and workmanship covered by Apple's one-year warranty. *See also supra* ¶¶17-20.

(a) failing to affirmatively reach out to consumers and notify them of the known defect with their AirPods Pro Gen 1 headphones, while leaving in place form language by which Apple uniformly communicated misrepresentations to consumers regarding their purported rights and responsibilities in connection with any defects they experienced, and which conflicted with Apple's single buried website discussing the sound issues with Apple's AirPods Pro Gen 1; (b) suppressing and misrepresenting information regarding the sound issues including by claiming that it only affected a "small percentage of AirPods Pro," when in reality Apple knew the sound issues reflected a defect inherent in all AirPods Pro Gen 1; (c) providing consumers with equally defective AirPods Pro Gen 1 as replacements under its one year warranty and purported support program; (d) imposing arbitrary and unreasonable conditions on consumers' ability to obtain refunds or adequate relief for their defective AirPods Pro Gen 1 headphones both through the foregoing conduct, as well as through arbitrary and unreasonable time limitations in its sound Service Program relating to date of manufacture and date of purchase; and (e) refusing to repair, replace, and/or refund Class Members' defective AirPods Pro Gen 1 headphones.

121.    As a direct and proximate cause of Apple's breach, Plaintiffs and Class Members bought AirPods Pro Gen 1 that they otherwise would not have bought, overpaid for their AirPods Pro Gen 1, did not receive the benefit of their bargain, and their AirPods Pro Gen 1 suffered a diminution in value. Plaintiffs and Class Members have also incurred and will continue to incur costs for replacing their AirPods Pro Gen 1.

122.    Plaintiffs and Class Members are entitled to legal and equitable relief against Apple, including damages, consequential damages, specific performance, attorney fees, costs of suit, and other relief as appropriate.

### THIRD CLAIM FOR RELIEF
### BREACH OF EXPRESS WARRANTY UNDER PENNSYVANIA LAW
### 13 Pa.C.S.A. § 2313
### (In the alternative, by Plaintiff LaBella on Behalf of the Pennsylvania Class)

123.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

124.    Apple expressly warranted that AirPods Pro Gen 1 provide "superior sound quality" and a noise cancelling feature—including "Active Noise Cancelling" ("ANC") to filter out exterior sound

and "Transparency" modes to filter out interior sound, while ensuring that desired sound could be heard clearly in both noise cancelling and transparency modes. These affirmations of fact or promises became part of the basis of the bargain between all Plaintiffs and Class Members and Apple. [47]

125.    These descriptions of the AirPods Pro Gen 1 created express warranties that the AirPods Pro Gen 1 conformed to the descriptions.

126.    Plaintiff LaBella, in making her purchase of AirPods Pro Gen 1, relied on the representations, affirmations of fact, or promises outlined above.

127.    In fact, AirPods Pro Gen 1 did not have superior sound quality and did not provide effective noise cancelling. Instead, AirPods Pro Gen 1 had "sound issues" caused by an inherent defect in all AirPods pro Gen 1. Instead of eliminating unwanted sound, the Audio Defect actually produced unwanted sound in the form of crackling and static, thereby decreasing the functionality, usability, and value of Plaintiff LaBella and other similarly situated purchasers' headphones.

128.    Apple has been notified of the breaches within a reasonable time, and/or Plaintiffs were not required to do so because affording Apple a reasonable opportunity to cure its breach of warranty would have been futile. *See* Exhibit 3. Apple also knew of the Audio Defect and yet chose to conceal it by warranting and continuing to advertise the noise cancelling benefits of the AirPods Pro Gen 1, while failing to comply with Apple's express warranty obligations and misrepresenting and suppressing communication regarding the known sound issues with its AirPods Pro Gen 1, including by, *inter alia*, (a) failing to affirmatively reach out to consumers and notify them of the known defect with their AirPods Pro Gen 1 headphones, while leaving in place form language by which Apple uniformly communicated misrepresentations to consumers regarding their purported rights and responsibilities in connection with any defects they experienced, and which conflicted with Apple's single buried website discussing the sound issues with Apple's AirPods Pro Gen 1; (b) suppressing and misrepresenting information regarding the sound issues including by claiming that it only affected a "small percentage of AirPods Pro," when in reality Apple knew the sound issues reflected a defect inherent in all AirPods Pro Gen 1; (c) providing

---

[47] Apple's one-year manufacturing warranty is inapplicable to the defect at issue as the defect at issue is inherent in every AirPods Pro Gen 1 earpiece—and does not involve the occasional problem with materials and workmanship covered by Apple's one-year warranty. *See also supra* ¶¶17-20.

consumers with equally defective AirPods Pro Gen 1 as replacements under its one year warranty and purported support program; (d) imposing arbitrary and unreasonable conditions on consumers' ability to obtain refunds or adequate relief for their defective AirPods Pro Gen 1 headphones both through the foregoing conduct, as well as through arbitrary and unreasonable time limitations in its sound Service Program relating to date of manufacture and date of purchase; and (e) refusing to repair, replace, and/or refund Class Members' defective AirPods Pro Gen 1 headphones.

129.    As a direct and proximate cause of Apple's breach, Plaintiffs and Class Members bought AirPods Pro Gen 1 that they otherwise would not have bought, overpaid for their AirPods Pro Gen 1, did not receive the benefit of their bargain, and their AirPods Pro Gen 1 suffered a diminution in value. Plaintiffs and Class Members have also incurred and will continue to incur costs for replacing their AirPods Pro Gen 1.

130.    Plaintiffs and Class Members are entitled to legal and equitable relief against Apple, including damages, consequential damages, specific performance, attorney fees, costs of suit, and other relief as appropriate.

### FOURTH CLAIM FOR RELIEF
### BREACH OF EXPRESS WARRANTY UNDER TEXAS LAW
#### Tex. Bus. & Com. Code § 2.313

**(In the alternative, by Plaintiff Pawson on Behalf of the Texas Class)**

131.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

132.    § 2.313(a) of the Texas Business and Commercial Code provides that:

(a) Express warranties by the seller are created as follows:

> (1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

> (2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

> (3) Any sample or model which is made part of the basis of the bargain creates an express warranty that the whole of the goods shall conform to the sample or model.

(b) It is not necessary to the creation of an express warranty that the seller use formal words such as "warrant" or "guarantee" or that he have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

133. Apple expressly warranted that AirPods Pro Gen 1 provide "superior sound quality" and a noise cancelling feature—including "Active Noise Cancelling" ("ANC") to filter out exterior sound and "Transparency" modes to filter out interior sound, while ensuring that desired sound could be heard clearly in both noise cancelling and transparency modes. These affirmations of fact or promises became part of the basis of the bargain between all Plaintiffs and Class Members and Apple.[48]

134. These descriptions of the AirPods Pro Gen 1 created express warranties that the AirPods Pro Gen 1 conformed to the descriptions.

135. Plaintiff Pawson, in making his purchase of AirPods Pro Gen 1, relied on the representations, affirmations of fact, or promises outlined above.

136. In fact, AirPods Pro Gen 1 did not have superior sound quality and did not provide effective noise cancelling. Instead, AirPods Pro Gen 1 had "sound issues" caused by an inherent defect in all AirPods pro Gen 1. Instead of eliminating unwanted sound, the Audio Defect actually produced unwanted sound in the form of crackling and static, thereby decreasing the functionality, usability, and value of Plaintiff Pawson and other similarly situated purchasers' headphones.

137. Apple has been notified of the breaches within a reasonable time, and/or Plaintiffs were not required to do so because affording Apple a reasonable opportunity to cure its breach of warranty would have been futile. *See* Exhibit 3. Apple also knew of the Audio Defect and yet chose to conceal it by warranting and continuing to advertise the noise cancelling benefits of the AirPods Pro Gen 1, while failing to comply with Apple's express warranty obligations and misrepresenting and suppressing communication regarding the known sound issues with its AirPods Pro Gen 1, including by, *inter alia*, (a) failing to affirmatively reach out to consumers and notify them of the known defect with their AirPods Pro Gen 1 headphones, while leaving in place form language by which Apple uniformly communicated

---

[48] Apple's one-year manufacturing warranty is inapplicable to the defect at issue as the defect at issue is inherent in every AirPods Pro Gen 1 earpiece—and does not involve the occasional problem with materials and workmanship covered by Apple's one-year warranty. *See also supra* ¶¶17-20

misrepresentations to consumers regarding their purported rights and responsibilities in connection with any defects they experienced, and which conflicted with Apple's single buried website discussing the sound issues with Apple's AirPods Pro Gen 1; (b) suppressing and misrepresenting information regarding the sound issues including by claiming that it only affected a "small percentage of AirPods Pro," when in reality Apple knew the sound issues reflected a defect inherent in all AirPods Pro Gen 1; (c) providing consumers with equally defective AirPods Pro Gen 1 as replacements under its one year warranty and purported support program; (d) imposing arbitrary and unreasonable conditions on consumers' ability to obtain refunds or adequate relief for their defective AirPods Pro Gen 1 headphones both through the foregoing conduct, as well as through arbitrary and unreasonable time limitations in its sound Service Program relating to date of manufacture and date of purchase; and (e) refusing to repair, replace, and/or refund Class Members' defective AirPods Pro Gen 1 headphones.

138.     As a direct and proximate cause of Apple's breach, Plaintiffs and Class Members bought AirPods Pro Gen 1 that they otherwise would not have bought, overpaid for their AirPods Pro Gen 1, did not receive the benefit of their bargain, and their AirPods Pro Gen 1 suffered a diminution in value. Plaintiffs and Class Members have also incurred and will continue to incur costs for replacing their AirPods Pro Gen 1.

139.     Plaintiffs and Class Members are entitled to legal and equitable relief against Apple, including damages, consequential damages, specific performance, attorney fees, costs of suit, and other relief as appropriate.

## FIFTH CLAIM FOR RELIEF
### BREACH OF IMPLIED WARRANTY UNDER CALIFORNIA LAW
### Cal. Unif. Com. Code §§ 2314-2315
### (By All Plaintiffs on Behalf of the Nationwide Class)

140.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

141.     Apple provided Plaintiffs and all Class Members with an implied warranty that the AirPods Pro Gen 1 and any parts thereof are merchantable and fit for the ordinary purposes for which they were sold—as listening devices capable of delivering intelligible audio without static or other interference. However, the AirPods Pro Gen 1 are not fit for their ordinary purpose as headphones

because they suffer from the Audio Defect that causes "sound issues" as described herein. As such, the AirPods Pro Gen 1 were not merchantable and not fit for their ordinary purpose as headphones.

142.    Apple impliedly warranted that the AirPods Pro Gen 1 were of merchantable quality and fit for audio use. This implied warranty included, among other things, a warranty that the AirPods Pro Gen 1 manufactured, supplied, distributed, and/or sold by Apple were reliable and would not experience premature failure or "sound issues" when consumers used them in a reasonable and foreseeable manner.

143.    Contrary to the applicable implied warranties, the AirPods Pro Gen 1 at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiffs and Class Members with reliable headphones.

144.    Apple's actions, as complained of herein, breached the implied warranty that the headphones were of merchantable quality and fit for such use.

**SIXTH CLAIM FOR RELIEF**
**VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**
**Cal. Civ. Code § 1790, *et seq.***
**(By All Plaintiffs on Behalf of the Nationwide Class)**

145.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

146.    Plaintiffs bring this claim on behalf of themselves and on behalf of the Nationwide Class Members against Apple.

147.    At all relevant times, Apple was the manufacturer, distributor, warrantor and/or seller of the AirPods Pro Gen 1. Apple knew or should have known of the specific use for which the AirPods Pro Gen 1 were purchased.

148.    Apple provided Plaintiffs and Class Members with an implied warranty that the AirPods Pro Gen 1, and any parts thereof, are merchantable and fit for the ordinary purposes for which they were sold—as listening devices capable of delivering intelligible audio without static or other interference.

149.    The AirPods Pro Gen 1, however, are not fit for their ordinary purpose because, *inter alia*, the AirPods Pro Gen 1 suffer from an inherent defect at the time of sale that causes them to malfunction. Specifically, the Audio Defect causes the AirPods Pro Gen 1 to experience "sound issues"—including,

crackling or static sounds, loss of bass sound, increase in background sounds, or other sound issues due to the noise cancelling and other sound features not working as expected.

150. The Audio Defect, which is present at the point of sale (and remains latent until manifestation), renders the AirPods Pro Gen 1 incapable of functioning as headphones at all—let alone as headphones capable of noise cancelling or transparency modes.

151. The AirPods Pro Gen 1 are not fit for the purpose of use as headphones because of the Audio Defect that causes "sound issues."

152. Apple impliedly warranted that the AirPods Pro Gen 1 were of merchantable quality and fit for such use. This implied warranty included, *inter alia*, a warranty that the AirPods Pro Gen 1 manufactured, supplied, distributed, and/or sold by Apple were reliable for use as headphones and would not prematurely fail.

**SEVENTH CLAIM FOR RELIEF**
**BREACH OF IMPLIED WARRANTY UNDER OHIO LAW**
**Ohio Revised Code 1302.27-1302.28**
**(In the alternative, by Plaintiff Rodgers on Behalf of the Ohio Class)**

153. Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

154. Apple provided Plaintiff Rodgers and the Ohio Class Members with an implied warranty that the AirPods Pro and any parts thereof are merchantable and fit for the ordinary purposes for which they were sold. However, the AirPods Pro are not fit for their ordinary purpose as headphones because they suffer from the Audio Defect described herein. As such, the AirPods Pro were incapable of being used as headphones.

155. Apple impliedly warranted that the AirPods Pro were of merchantable quality and fit for such use. This implied warranty included, among other things, a warranty that the AirPods Pro manufactured, supplied, distributed, and/or sold by Apple were reliable and would not experience premature failure when consumers used them in a reasonable and foreseeable manner.

156. Contrary to the applicable implied warranties, the AirPods Pro at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiff Rodgers and the Ohio Class Members with reliable headphones.

157.    Apple's actions, as complained of herein, breached the implied warranty that the AirPods Pro were of merchantable quality and fit for such use.

158.    The AirPods Pro Gen 1 would not pass without objection in the marketplace had Apple made their inherent defect known as they suffer from sound issues, and thus were not of fair average quality within the description, are not fit for the ordinary purpose as headphones, and are not permitted variations of quality.

159.    Apple had reason to know that Plaintiffs and similarly situated consumers would rely on its skill or judgment regarding the sound quality of headphones, and the ability of headphones to perform noise-cancelling functions in particular.

160.    Any attempt by Apple to disclaim or limit the implied warranty of merchantability vis-à-vis consumers would be unconscionable and unenforceable because Apple knowingly sold a defective product without informing consumers about the defect. Any time limits contained in Apple's warranty periods would likewise be unconscionable and inadequate to protect Plaintiff and the other Ohio Class Members. Among other things, Plaintiff and the other Ohio Class Members had no meaningful choice in determining any time limitations, the terms of which unreasonably favored Apple. A gross disparity in bargaining power existed between Apple and Plaintiff and the other Ohio Class members, and Apple knew of the defect at the time of sale.

161.    As a direct and proximate result of Apple's breach of the implied warranty of merchantability, Plaintiff and the other Ohio Class Members have been damaged in an amount to be proven at trial, including, but not limited to, benefit-of-the-bargain damages, restitution, and/or diminution of value.

**EIGHTH CLAIM FOR RELIEF**
**BREACH OF IMPLIED WARRANTY UNDER PENNSYLVANIA LAW**
**13 Pa.C.S.A. § 2314; 13 Pa.C.S.A. § 2315**
**(In the alternative, by Plaintiff LaBella on Behalf of the Pennsylvania Class)**

162.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

163.    Apple provided Plaintiff LaBella and all Pennsylvania Class Members with an implied warranty that the AirPods Pro Gen 1 and any parts thereof are merchantable and fit for the ordinary

purposes for which they were sold—as listening devices capable of delivering intelligible audio without static or other interference. However, the AirPods Pro Gen 1 are not fit for their ordinary purpose as headphones because they suffer from the Audio Defect that causes "sound issues" as described herein. As such, the AirPods Pro Gen 1 were not merchantable and not fit for their ordinary purpose as headphones.

164.    Apple impliedly warranted that the AirPods Pro Gen 1 were of merchantable quality and fit for audio use. This implied warranty included, among other things, a warranty that the AirPods Pro Gen 1 manufactured, supplied, distributed, and/or sold by Apple were reliable and would not experience premature failure or "sound issues" when consumers used them in a reasonable and foreseeable manner.

165.    Contrary to the applicable implied warranties, the AirPods Pro Gen 1 at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiffs and Class Members with reliable headphones.

166.    Apple's actions, as complained of herein, breached the implied warranty that the headphones were of merchantable quality and fit for such use.

167.    The AirPods Pro Gen 1 would not pass without objection in the marketplace had Apple made their inherent defect known as they suffer from sound issues, and thus were not of fair average quality within the description, are not fit for the ordinary purpose as headphones, and are not permitted variations of quality.

168.    Apple had reason to know that Plaintiff LaBella and similarly situated consumers would rely on the seller's skill or judgment regarding the sound quality of headphones, and the ability of headphones to perform noise-cancelling functions in particular.

169.    Any attempt by Apple to disclaim or limit the implied warranty of merchantability vis-à-vis consumers would be unconscionable and unenforceable because Apple knowingly sold a defective product without informing consumers about the defect. Any time limits contained in Apple's warranty periods would likewise be unconscionable and inadequate to protect Plaintiff and the other Pennsylvania Class Members. Among other things, Plaintiff and the other Pennsylvania Class Members had no meaningful choice in determining any time limitations, the terms of which unreasonably favored Apple.

A gross disparity in bargaining power existed between Apple and Plaintiff and the other Pennsylvania Class members, and Apple knew of the defect at the time of sale.

170.   As a direct and proximate result of Apple's breach of the implied warranty of merchantability, Plaintiff and the other Pennsylvania Class Members have been damaged in an amount to be proven at trial, including, but not limited to, benefit-of-the-bargain damages, restitution, and/or diminution of value.

**NINTH CLAIM FOR RELIEF**
**BREACH OF IMPLIED WARRANTY UNDER TEXAS LAW**
**Tex. Bus. & Com. Code § 2.314**
**(In the alternative, by Plaintiff Pawson on Behalf of the Texas Class)**

171.   Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

172.   Apple was at all relevant times a "merchant" and "seller" of headphones within the meaning of Tex. Bus. & Com. Code § 2.314.

173.   Apple's AirPods Pro Gen 1 are and were at all relevant times "goods."

174.   A warranty that Apple's AirPods Pro Gen 1 and any parts thereof were in merchantable condition and fit for the ordinary purpose for which they were sold—as listening devices capable of delivering intelligible audio without static or other interference—is implied by law pursuant to Tex. Bus. & Com. Code § 2.314.

175.   Apple thus impliedly warranted that the AirPods Pro Gen 1 were of merchantable quality and fit for audio use. This implied warranty included, among other things, a warranty that the AirPods Pro Gen 1 manufactured, supplied, distributed, and/or sold by Apple were reliable and would not experience premature failure or "sound issues" when consumers used them in a reasonable and foreseeable manner.

176.   However, the AirPods Pro Gen 1 are not fit for their ordinary purpose as headphones because they suffer from the Audio Defect that causes "sound issues" as described herein. As such, contrary to the applicable implied warranties, the AirPods Pro Gen 1 were not merchantable or fit for their ordinary and intended purpose of providing Plaintiffs and Class Members with reliable headphones.

177.   Apple's actions, as complained of herein, thus breached the implied warranty that the headphones were of merchantable quality and fit for such use.

178.    The AirPods Pro Gen 1 would not pass without objection in the marketplace had Apple made their inherent defect known as they suffer from sound issues, and thus were not of fair average quality within the description, are not fit for the ordinary purpose as headphones, and are not permitted variations of quality.

179.    Apple had reason to know that Plaintiff Pawson and similarly situated consumers would rely on the seller's skill or judgment regarding the sound quality of headphones, and the ability of headphones to perform noise-cancelling functions in particular.

180.    Apple has been notified of its breaches of warranty and Apple has thus been afforded a reasonable opportunity to cure the breach, but Apple has not remedied the breach. *See* Exhibit 3.

181.    Any attempt by Apple to disclaim or limit the implied warranty of merchantability vis-à-vis consumers would be unconscionable and unenforceable because Apple knowingly sold a defective product without informing consumers about the defect. Any time limits contained in Apple's warranty periods would likewise be unconscionable and inadequate to protect Plaintiff and the other Texas Class Members. Among other things, Plaintiff and the other Texas Class Members had no meaningful choice in determining any time limitations, the terms of which unreasonably favored Apple. A gross disparity in bargaining power existed between Apple and Plaintiff and the other Texas Class members, and Apple knew of the defect at the time of sale.

182.    As a direct and proximate result of Apple's breach of the implied warranty of merchantability, Plaintiff and the other Texas Class Members have been damaged in an amount to be proven at trial, including, but not limited to, benefit-of-the-bargain damages, restitution, and/or diminution of value.

**TENTH CLAIM FOR RELIEF**
**VIOLATIONS OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT ("CLRA")**
**Cal. Civ. Code § 1750,** *et seq.*
**(By All Plaintiffs on Behalf of the Nationwide Class)**

183.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

184.    Apple is a person as that term is defined in California Civil Code § 1761(c).

185.    Plaintiffs and the Class are "consumers" as that term is defined in California Civil Code § 1761(d).

186.    Apple engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally concealing from Plaintiffs and Class Members that the AirPods Pro Gen 1 are inherently defective. These acts and practices violate, at a minimum, the following sections of the CLRA:

> (a)(2)   Misrepresenting the source, sponsorship, approval or certification of goods or services;
>
> (a)(5)   Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;
>
> (a)(7)   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and
>
> (a)(9)   Advertising goods and services with the intent not to sell them as advertised.

187.    Apple's unfair or deceptive acts or practices occurred repeatedly in Apple's trade or business and were capable of deceiving a substantial portion of the purchasing public.

188.    Throughout the class period, Apple knew or should have known that the AirPods Pro Gen 1 were defective because of known "sound issues."

189.    In failing to disclose the Audio Defect at the time of sale, Apple has knowingly and intentionally concealed material facts.

190.    The facts misrepresented, concealed or not disclosed by Apple to Plaintiffs and the Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Apple's AirPods Pro Gen 1 or pay a lesser price.

191.    The misrepresented, concealed or omitted facts concerning the Audio Defect are also material because they concern central functions of the product (*e.g.*, the AirPods Pro Gen 1's superior sound quality and ability to be used effectively in either noise cancelling or transparency modes).

192.    Finally, the facts concerning the Audio Defect that Apple concealed or omitted from its representations to customers are also material because they contradict affirmative representations about

Apple's audio quality and functionality, as well as its ability to function as quality headphones in either noise cancelling or transparency modes.

193.    Had Plaintiffs and the Class known about the AirPods Pro Gen 1's Audio Defect that causes sound issues to manifest, they would not have purchased the AirPods Pro Gen 1 or would have paid less for them.

194.    Plaintiffs plausibly would have learned of the Audio Defect if Apple had disclosed it through its ubiquitous advertising or to the sales representatives at Apple Stores, authorized retailers, and carrier service retail locations. Plaintiffs and the other Class members' injuries were proximately caused by Apple's fraudulent and deceptive business practices.

195.    Apple's one-year manufacturing warranty is inapplicable to the defect at issue as the defect at issue is inherent in every AirPods Pro Gen 1 earpiece—and does not involve the occasional problem with materials and workmanship covered by Apple's one-year warranty.[49] Indeed, AirPods Gen 1 have an inherent defect at the time of purchase, which consumer had no reason to suspect as Apple did not provide that information at the point of purchase. It is thus not the type of defect contemplated by Apple's express warranty which has the purpose to warrant the product for its useful life. Here, since the AirPods Pro Gen 1 were defective at purchase, they had no useful life and were worth less than Plaintiffs and similarly situated class members paid at the time of purchase. Moreover, if Apple's one-year limited warranty did apply, which it does not, it would not alleviate the harm suffered because at best under the one-year limited warranty Apple would provide a replacement product—and here such replacement would not resolve Plaintiffs' or class members' claims as any replacement would suffer from the same defect as the original device.

196.    In fact, because AirPods Pro Gen 1 contain an inherent defect known to create sound issues, many consumers have had multiple devices with sound issues after replacement from Apple under its support program or under its one-year warranty. As a result, neither Apple's support program nor its one-year warranty address or resolve Plaintiffs' and class members alleged harm. Apple has made no appropriate correction because the inherently defective devices cannot be repaired or replaced because

---

[49] https://perma.cc/8AM4-KJ3Z (last visited Oct. 23, 2024).

1  such repair and replacement would not resolve the inherent defect responsible for the sound quality issues

2  that Apple admits exist with Apple AirPods Gen 1. It is also irrelevant that Apple extended its support

3  program because the support program only allowed for replacement with a device with the same inherent

4  defect.

5        197.    Plaintiffs had no basis to discover the inherent defect in Airpods Gen 1 because Apple did

6  not indicate that the Airpods were defective at point of purchase, and did not send Plaintiffs or Class

7  Members any notice despite having the ability to contact most purchasers through their Apple accounts

8  or other means.[50] Apple did not do any publication notice beyond a passive web page that required

9  consumers to conduct their own research to find. That passive web support page also only applied to

10  devices manufactured during a certain time period when the defect is inherent to all Airpods Pro Gen 1

11  headphones. As such, there is no reason that Plaintiffs or Class Members should have discovered the

12  defect sooner. Also, even if Plaintiffs and Class Members noticed sound issues it was still unreasonable

13  for them to understand that the sound issues resulted from an inherent defect in the AirPods Pro Gen 1

14  that existed since the time of purchase, or that the problems with the AirPods Pro Gen 1 could serve as a

15  legal basis for filing suit against Apple.

16        198.    Apple has been provided notice of its violations of the CLRA pursuant to California Civil

17  Code § 1782(a), but Plaintiffs have not received their requested relief. *See* Exhibit 3. Therefore, Plaintiffs

18  seek injunctive relief, damages, and reasonable attorney's fees under the CLRA.  Additionally, Plaintiffs'

19  have attached their Declarations of Venue as to their CLRA claims as required under California Civil

20  Code § 1780.  *See* Exhibit 4 (Declarations of Venue).

21        199.    Pursuant to California Civil Code § 1780, Plaintiffs seek an order enjoining Apple from

22  the unlawful practices described above and a declaration that Apple's conduct violates the Consumers

23  Legal Remedies Act.

24        200.    Under the CLRA, Plaintiffs and the other Class Members are entitled to and therefore seek

25  equitable relief as well as actual and punitive damages and attorneys' fees and costs.

26

27

28

[50] https://perma.cc/H6JM-TTB3 (Last visited Oct. 23, 2024).

**ELEVENTH CLAIM FOR RELIEF**
**VIOLATIONS OF THE CALIFORNIA UNFAIR COMPETITION LAW ("UCL")**
**Cal. Bus. & Prof. Code § 17200,** *et seq.*
**(By All Plaintiffs on Behalf of the Nationwide Class)**

201.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

202.    The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

203.    Apple has engaged in unfair competition and unfair, unlawful or fraudulent business practices by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from Plaintiffs and the Class Members the Audio Defect (and the costs and diminished value of the AirPods Pro Gen 1 as a result of Apple's conduct). Apple knew or reasonably should have known about the Audio Defect throughout the class period. Apple should have disclosed information concerning the Audio Defect in its ubiquitous advertising and through its authorized retailers. Apple was in a superior position to know the true facts related to the Audio Defect, and Plaintiffs and Class Members could not reasonably be expected to learn or discover the true facts related to the Audio Defect.

204.    These acts and practices have deceived Plaintiffs and are likely to deceive the public. In failing to disclose the Audio Defect, while misrepresenting and suppressing other material facts from Plaintiffs and the Class Members, Apple violated the UCL, and caused injuries to Plaintiffs and the Class Members. The misrepresentations, omissions, and acts of concealment by Apple pertained to information that was material to Plaintiffs and the Class Members, as it would have been to all reasonable consumers. Had Apple disclosed the Audio Defect in its ubiquitous AirPods Pro Gen 1 advertising or through its Apple Stores or authorized retailers, Plaintiffs and Class Members would have learned of the Audio Defect and would have acted differently. Had Plaintiffs and Class Members known about the Audio Defect, they would not have purchased the AirPods Pro Gen 1 headphones or would have paid less for them.

205.    The injuries suffered by Plaintiffs and Class Members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiffs and Class Members should have reasonably avoided.

206.    Apple's acts and practices are unlawful because they violate California Civil Code §§ 1668, 1709, 1710, and 1750, *et seq.*, and California Commercial Code § 2313.

207.    Plaintiffs seek to enjoin further unlawful, unfair and/or fraudulent acts or practices by Apple, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

**TWELTH CLAIM FOR RELIEF**
**VIOLATIONS OF THE CALIFORNIA FALSE ADVERTISING LAW ("FAL")**
**Cal. Bus. & Prof. Code § 17500, *et seq.***
**(By All Plaintiffs on Behalf of the Nationwide Class)**

208.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

209.    The California False Advertising Law ("FAL") states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

210.    Apple caused to be made or disseminated throughout the United States, through advertising, marketing and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Apple, to be untrue and misleading to consumers, including Plaintiffs and the other Class Members.

211.    Apple has violated the FAL because the omissions regarding the functionality of and the Audio Defect in its AirPods Pro Gen 1 as set forth in this Complaint were material and likely to deceive a reasonable consumer. Examples of which include, but are not limited to, Apple's statements regarding the Defective AirPods Pro Gen 1 usefulness and functionality as headphones with superior sound quality

and noise cancelling capabilities, which are false misleading and confusing to the public because, in fact, AirPods Pro Gen 1 contained an Audio Defect that caused the headphones to experience "sound issues." By misrepresenting, omitting or concealing information concerning the Audio Defect when making these statements (and others in its ubiquitous advertising and at its authorized retailers), Apple's statements were untrue or misleading.

212.    Plaintiffs and the other Class Members have suffered an injury in fact, including the loss of money or property, as a result of Apple's unfair, unlawful, and/or deceptive practices. In purchasing their AirPods Pro Gen 1, Plaintiffs and the other Class Members relied on the omissions of Apple with respect to the reliability and functionality of the AirPods Pro. Apple's representations were untrue because the AirPods Pro Gen 1 were manufactured and sold with the Audio Defect. Had Plaintiffs and the other Class Members known this, they would not have purchased their AirPods Pro Gen 1 and/or paid as much for them. Accordingly, Plaintiffs and the other Class Members overpaid for their AirPods Pro Gen and did not receive the benefit of their bargain.

213.    All of the wrongful conduct alleged herein occurred in the conduct of Apple's business.

214.    Plaintiffs, individually and on behalf of the other Class Members, request that this Court enter such orders or judgments as may be necessary to restore to Plaintiffs and the other Class Members any money Apple acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

### THIRTEENTH CLAIM FOR RELIEF
### VIOLATIONS OF
### THE CONSUMER PROTECTION ACTS OF 50 STATES
### (In the alternative, by All Plaintiffs on Behalf of the Nationwide Class)

215.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

216.    In the alternative to Plaintiffs' claim for relief on behalf of the Nationwide Class under California's CLRA, Plaintiffs bring these statutory consumer protection claims pursuant to consumer protection laws of the states of residence of Class Members identified below to the extent they are not in true conflict with the laws of Ohio, Pennsylvania, and Texas.

217. The following consumer protection acts are collectively referred to herein as the "Consumer Protection Acts," all of which were enacted and designed to protect consumers against unlawful, fraudulent, and/or unfair business acts and practices.

a.　　ALA. CODE § 8-19-1 *et seq.* (Alabama);

b.　　ALASKA STAT. ANN. § 45.50.471 *et seq*. (Alaska);

c.　　ARIZ. REV. STAT. ANN. § 44-1521 *et seq*. (Arizona);

d.　　ARK. CODE ANN. § 4-88-101 *et seq*. (Arkansas);

e.　　CAL. CIV. CODE §1750 et seq. (California);

f.　　COLO. REV. STAT. ANN. § 6-1-101 *et seq*. (Colorado);

g.　　CONN. GEN. STAT. ANN. § 42-110a *et seq*. (Connecticut);

h.　　DEL. CODE ANN. tit. 6, § 2511 *et seq*. (Delaware);

i.　　D.C. CODE ANN. § 28-3901 *et seq*. (District of Columbia);

j.　　FLA. STAT. ANN. § 501.201 *et seq*. (Florida);

k.　　GA. CODE ANN. § 10-1-370 *et seq*. and GA. CODE ANN. § 10-1-390 et seq. (Georgia);

l.　　HAW. REV. STAT. ANN. § 480-1 *et seq*. and HAW. REV. STAT. ANN. § 481A-1 et seq. (Hawaii);

m.　　IDAHO CODE ANN. § 48-601 *et seq*. (Idaho);

n.　　815 ILCS 505/1 *et seq*. (Illinois);

o.　　IND. CODE ANN. § 24-5-0.5-1 *et seq*. (Indiana);

p.　　IOWA CODE 714H.1, *et seq*. (Iowa);

q.　　KAN. STAT. ANN. § 50-623 *et seq*. (Kansas);

r.　　KY. REV. STAT. ANN. § 367.110 *et seq*. (Kentucky);

s.　　LA. STAT. ANN. § 51:1401 *et seq*. (Louisiana);

t.　　MASS. GEN. LAWS, Ch. 93A (Massachusetts)

u.　　ME. REV. STAT. tit. 5, § 205-A *et seq*. (Maine);

v.　　MD. CODE ANN., COM. LAW § 13-101 *et seq*. (Maryland);

w.　　MICH. COMP. LAWS ANN. § 445.901 *et seq*. (Michigan);

x. MINN. STAT. ANN. § 325F.68 *et seq.*, MINN. STAT. ANN. § 325D.09 *et seq.*, MINN. STAT. ANN. § 325D.43 *et seq.*, and MINN. STAT. ANN. § 325F.67 (Minnesota);

y. MISS. CODE ANN. § 75-24-1 *et seq.* (Mississippi);

z. MO. ANN. STAT. § 407.010 *et seq.* (Missouri);

aa. MONT. CODE ANN. § 30-14-101 *et seq.* (Montana);

bb. NEB. REV. STAT. ANN. § 59-1601 *et seq.* (Nebraska);

cc. NEV. REV. STAT. ANN. § 41.600 and NEV. REV. STAT. ANN. §598.0903 *et seq.* (Nevada);

dd. N.H. REV. STAT. ANN. § 358-A:1 *et seq.* (New Hampshire);

ee. N.J. STAT. ANN. § 56:8-1 *et seq.* (New Jersey);

ff. N.M. STAT. ANN. § 57-12-1 *et seq.* (New Mexico);

gg. N.Y. GEN. BUS. LAW. § 349 *et seq.* (New York);

hh. N.C. GEN. STAT. ANN. § 75-1 *et seq.* (North Carolina);

ii. N.D. CENT. CODE ANN. § 51-15-01 *et seq.* (North Dakota);

jj. OHIO REV. CODE ANN. § 1345.01 *et seq.* (Ohio);

kk. OKLA. STAT. ANN. tit. 15, § 751 *et seq.* (Oklahoma);

ll. OR. REV. STAT. ANN. § 646.605 *et seq.* (Oregon);

mm. 73 PA. STAT. ANN. § 201-1 *et seq.* (Pennsylvania);

nn. R.I. GEN. LAWS ANN. § 6-13.1-1 *et seq.* (Rhode Island);

oo. S.C. CODE ANN. § 39-5-10 *et seq.* (South Carolina);

pp. S.D. CODIFIED LAWS § 37-24-1 *et seq.* (South Dakota);

qq. TENN. CODE ANN. § 47-18-101 *et seq.* (Tennessee);

rr. UTAH CODE ANN. § 13-11-1 *et seq.* (Utah);

ss. VT. STAT. ANN. tit. 9, § 2451 *et seq.* (Vermont);

tt. VA. CODE ANN. § 59.1-196 *et seq.* (Virginia);

uu. WASH. REV. CODE ANN. § 19.86.010 *et seq.* (Washington);

vv. W.VA. CODE ANN. § 46A-6-101 *et seq.* (West Virginia);

ww. WIS. STAT. ANN. § 100.20 (Wisconsin); and

xx.     WYO. STAT. ANN. § 40-12-101 *et seq*. (Wyoming)

218.     Apple has engaged in deception, fraud, unfair practices, and concealment by its conduct and omissions described above, and by knowingly and intentionally concealing from Plaintiffs and all Class Members the existence of the Audio Defect (and the costs and diminished value of the AirPods Pro Gen 1 as a result of Apple's conduct). Accordingly, Apple engaged in unfair or deceptive acts or practices as defined in the above Consumer Protection Acts, including: representing (through its misrepresentation of the AirPod Pro Gen 1 functionality and concealment of and failure to disclose the Audio Defect) that the AirPods Pro Gen 1 have characteristics, uses, benefits, and qualities which they do not have; representing (through its misrepresentation of the AirPod Pro Gen 1'ss functionality and concealment of and failure to disclose the Audio Defect) that the AirPods Pro Gen 1 are of a particular standard and quality when they are not; advertising the AirPods Pro Gen 1 with the intent not to sell them as advertised; and otherwise engaging in conduct likely to deceive.

219.     The facts misrepresented, concealed, or not disclosed by Apple to Plaintiffs and Class Members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Apple's AirPods Pro Gen 1or pay a lesser price. Had Apple disclosed the Audio Defect in its ubiquitous first generation AirPods Pro Gen 1 advertising or through its Apple Stores or authorized retailers, Plaintiffs and other Class Members would have learned of the Audio Defect. Had Plaintiffs and other Class Members known about the Audio Defect, they would not have purchased the AirPods Pro Gen 1 or would have paid less for them.

220.     Plaintiffs and all Class Members were injured as a result of Apple's conduct in that they purchased AirPods Pro Gen 1 that were defective, overpaid for their AirPods Pro Gen 1 and did not receive the benefit of their bargain, and their AirPods Pro Gen 1 have suffered a diminution in value. These injuries are the direct and natural consequence of Apple's omissions regarding the functionality of and the Audio Defect in its AirPods Pro Gen 1 as set forth in this Complaint and were material and likely to deceive a reasonable consumer, examples of which include, but are not limited to, Apple's statements regarding the defective AirPods Pro Gen 1's usefulness and functionality as headphone, particularly in terms of the AirPods Pro Gen 1's advertised ability to only let in wanted sounds. By omitting or

concealing information concerning the Audio Defect when making these statements (and others in its ubiquitous advertising and at its authorized retailers), Apple's statements were untrue or misleading.

221.    Apple knew that its AirPods Pro Gen 1 were defective just a few weeks after release, in late October early November 2019, if not before.

222.    The injuries suffered by Plaintiffs and Class Members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that those Plaintiffs and Class Members should have reasonably avoided.

223.    The injuries of Plaintiffs and Class Members were proximately caused by Defendant's fraudulent and deceptive business practices, and they are entitled to relief under the above-identified Consumer Protection Acts.

224.    Apple's conduct in this regard was wanton, willful, outrageous, and in reckless indifference to the rights of Plaintiffs and other Class Members and, as such, warrants the imposition of punitive damages.

**FOURTEENTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**
**(By All Plaintiffs on Behalf of the Nationwide Class**
**or Alternatively, by Plaintiffs on behalf of the Ohio, Pennsylvania, and Texas Classes)**

225.    Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

226.    Plaintiffs and the Class Members conferred a benefit on Apple by purchasing the AirPods Pro Gen 1.

227.    Apple had knowledge that this benefit was conferred upon it.

228.    Apple retained that benefit under circumstances that make it unjust and inequitable for Apple to retain it without paying Plaintiffs and members of the Classes the value thereof. Specifically, because of its wrongful acts and omissions, Apple charged a higher price for the AirPods Pro than the AirPods Pro' true value given the Audio Defect, such that Apple obtained money which rightfully belongs to Plaintiffs and the Class Members.

229.    Apple has been unjustly enriched at the expense of Plaintiffs and the Class and its retention of this benefit under the circumstances would be inequitable.

230.  Plaintiffs seek an order requiring Apple to make restitution to them and the other members of the Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request that this Court:

a.  Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying one or more Classes as defined above;

b.  Appoint all Plaintiffs as representatives of the Nationwide Class, and

    1)  In the alternative, appoint Plaintiff Rodgers as representative of the Ohio Class,

    2)  In the alternative, appoint Plaintiff LaBella as representative of the Pennsylvania Class,

    3)  In the alternative, appoint Plaintiff Pawson as representative of the Texas Class.

c.  Appoint all Plaintiffs' counsel whose appearance is noticed herein as Class Counsel;

d.  Award all actual, general, special, incidental, statutory, punitive, exemplary, and consequential damages and restitution to which Plaintiffs and Class Members are entitled in an amount to be determined at trial and require Apple to disgorge its ill-gotten gains;

e.  Award pre-judgment and post-judgment interest on such monetary relief at the highest legal rate to the extent provided by law;

f.  Grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Apple to repair, recall, and/or replace the AirPods Pro and to extend the applicable warranties to a reasonable period of time, or, at a minimum, to provide Plaintiffs and Class Members with appropriate curative notice regarding the existence and cause of the Audio Defect;

g.  Award reasonable attorneys' fees and costs to the extent provided by law; and

h.  Grant such further relief that this Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

DATED: November 1, 2024                              **TYCKO & ZAVAREEI LLP**

                                          By:        /s/ *Annick M. Persinger*
                                                     _____

                                                     Annick M. Persinger (CA Bar No. 272996)
                                                     apersinger@tzlegal.com
                                                     **TYCKO & ZAVAREEI LLP**
                                                     1970 Broadway, Suite 1070
                                                     Oakland, California 94612
                                                     Telephone: (510) 254-6808

CLASS ACTION COMPLAINT