Annick M. Persinger (CA Bar No. 272996)
Emily Feder Cooper (CA Bar No. 352951)
*apersinger@tzlegal.com*
*ecooper@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

Andrea R. Gold (*admitted pro hac vice*)
*agold@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, Northwest, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900

Patrick Brickman (*pro hac vice to be filed*)
Frank Bartela (*pro hac vice to be filed*)
*pbrickman@dworkenlaw.com*
*fbartela@dworkenlaw.com*
**DWORKEN & BERNSTEIN CO., L.P.A.**
1468 W. 9th Street, Suite 135,
Cleveland, OH 44113
Telephone: (833) 856-0445

*Attorneys for Plaintiffs and the Proposed Class*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

JERRY MITCHELL ADAIR, DAVID AMBROZIC, PHILIP CAMACHO, DANIEL KADYROV, LINDSEY LABELLA, JEFFREY NYKERK, MICHAEL PAWSON, STACEY RODGERS, and MARC SCHAEFER *individually and on behalf of all others similarly situated*

Plaintiffs,

v.

APPLE INC.,

Defendant.

Case No. 5:24-CV-07588-NW

**JOINT CASE MANAGEMENT STATEMENT**

**CASE MANAGEMENT CONFERENCE**
Date: October 1, 2025
Time: 9:00 a.m.
Courtroom: Courtroom 3, 5th Floor
Judge: Hon. Noël Wise

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

## I. JURISDICTION AND SERVICE

Parties' Joint Statement: Plaintiffs filed and served their Class Action Complaint on November 1, 2024. Apple filed a Motion to Dismiss on January 16, 2025. In lieu of opposing, Plaintiffs filed a First Amended Class Action Complaint on February 6, 2025. Plaintiffs allege that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy, Plaintiffs allege, exclusive of costs and interest, exceeds the sum of $5 million in the aggregate. Plaintiffs allege, there are well over 100 members of the proposed Class that are known to exist. Diversity exists between at least one putative Class Member and Apple. There are no unserved defendants. Apple's Motion to Dismiss the FAC is fully briefed and set for hearing on October 1, 2025. For the reasons set forth therein, Apple disputes that this Court has subject matter jurisdiction to adjudicate Plaintiffs' claims.

## II. FACTS

Plaintiffs' Statement:

Plaintiffs Jerry Mitchell Adair, David Ambrozic, Philip Camacho, Daniel Kadyrov, Lindsey LaBella, Jeffrey Nykerk, Michael Pawson, Stacey Rodgers, and Mark Schaefer ("Plaintiffs") brought this class action against Apple Inc. ("Apple" or "Defendant"), seeking relief individually and on behalf of all those who similarly purchased defective Apple AirPods Pro Generation One Headphones ("AirPods Pro Gen 1"). Class Action Compl. (ECF 39).

Apple admits that AirPods Pro Gen 1 have an audio defect that causes them to exhibit crackling or static sounds, loss of bass sounds, or an increase in background sounds. Compl. ¶ 1. These "sound issues," which Apple acknowledges on its own support page, are referred to herein as the "Audio Defect." *See* https://support.apple.com/airpods-pro-service-program-sound-issues). Plaintiffs bring this case against Apple because Apple touted its AirPods Pro Gen 1's superior audio

and noise-cancelling qualities and sold AirPods Pro Gen 1 to consumers nationwide notwithstanding their defective nature. *Id*. at ¶ 2.

Indeed, although numerous consumers started complaining to Apple soon after the release of the AirPods Pro Gen 1 in October 2019—and even though Apple itself admitted to the defect in October 2020—Apple continued to sell AirPods Pro Gen 1 with a known Audio Defect for hundreds of dollars a pair until September 2022. *Id*. at ¶ 3. The functionality of audio components is a material and essential feature of any headphones. *Id.* at ¶ 4. Reasonable consumers expect that high-end, high-priced headphones like Apple's AirPods Pro Gen 1, which Apple advertised as having noise cancelling features and superior sound compared to other headphones, would have consistently functioning, high-quality audio. *Id.*

Reasonable consumers, including Plaintiffs, would not have purchased or would have paid less for their Apple's AirPods Pro Gen 1 had they known that Apple's representations about audio functionality and quality were false and misleading, and that the AirPods Pro Gen 1 contained an Audio Defect that caused "sound issues" such as crackling, static, and interruption and loss of sound. *Id*. at ¶ 8. Plaintiffs and similarly situated Class Members bought defective AirPods Pro Gen 1 headphones at a premium price when they, in fact, have "sound issues" that make the headphones worth less than what they paid for them. *Id*. at ¶ 9. As a result of Apple's false and misleading advertising, and sale of its AirPods Pro Gen 1 with an Audio Defect, Plaintiffs and the proposed Class have suffered damages. *Id*. Accordingly, Plaintiffs bring this action, individually and on behalf of a nationwide class of similarly situated owners of Apple's AirPods Pro Gen 1 headphones for violation of the consumer protection law, express warranty law, and implied warranty law of the 50 states, or, in the alternative, for violation of the consumer protection law and laws governing express and implied warranty of California, Florida, Illinois, New York, Ohio, Pennsylvania, and Texas. *Id*. at ¶ 10.

<u>Apple's Statement:</u>

On October 28, 2019, Apple announced the release of AirPods Pro 1. Plaintiffs' FAC seeks to assert breach of warranty and consumer protection claims based on "sound issues" they

claim to have experienced with their AirPods Pro 1. But Plaintiffs' FAC suffers from the same fundamental flaws as their original complaint, all of which were pointed out in Apple's first Motion to Dismiss and which Plaintiffs' amendment did not cure. Plaintiffs' warranty claims cannot survive where seven of nine named Plaintiffs do not allege experiencing any sound issues with their AirPods Pro 1 during the one-year warranty period, and the remaining two received free replacements from Apple that they used for years.

Plaintiffs' consumer protection claims are equally flawed, as Plaintiffs either fail to satisfy the heightened pleading requirements for Rule 9(b) or fail to allege any duty to disclose. Plaintiffs also cannot state a claim for unjust enrichment because their rights are governed by an express contract (the Limited Warranty), and because their allegations make clear they each received the benefit of their bargain. Nor do Plaintiffs allege sufficient facts to justify any injunctive relief here where they do not allege likelihood of future injury. Finally, Plaintiffs' conclusory claims under the consumer protection statutes and warranty laws of all other states fail to meet the applicable pleading requirements of Rule 8 and Rule 9(b).

Apple denies that AirPods Pro 1 contain any alleged audio defect and further denies that it made any misrepresentations or omissions about the audio functionality of AirPods Pro 1. The principle factual issues in dispute include (1) whether and when Plaintiffs and the putative class members experienced any alleged problems affecting their AirPods Pro 1 as alleged in their FAC; (2) whether Plaintiffs and the putative class members used their AirPods Pro 1 in compliance with Apple's User Guidelines; (3) whether Plaintiffs and putative class members tendered a valid warranty claim to Apple within the one-year warranty period or any applicable extended warranty period; (4) whether Plaintiffs were exposed to and relied on any alleged actionable misrepresentations or omissions; and (5) whether the class certification requirements of Fed. R. Civ. P. 23 have been satisfied for the putative classes alleged in the FAC.

## III. LEGAL ISSUES

Parties' Joint Statement:

The legal issues in this case will include, among others: (1) whether Plaintiffs have adequately pled each of their claims; (2) whether the proposed action can be maintained as a class action (including whether the proposed Class meets the requirements of Rule 23(a), (b)(2), and (b)(3)); (3) whether Apple is liable under any of the claims alleged in Plaintiffs' Complaint; and (4) whether Plaintiffs are entitled to any damages, restitution, equitable relief, and/or injunctive relief as alleged in Plaintiffs' Complaint.

## IV. MOTIONS

Apple moved to dismiss the First Amended Complaint. Apple's Motion has been fully briefed and will be heard by this Court on October 1, 2025. In addition, the Court has appointed Tycko & Zavareei LLP as interim lead class counsel upon Plaintiffs' motion, which Apple did not oppose.

Plaintiffs' Statement:

Plaintiffs anticipate moving for class certification after some initial discovery is completed.

Apple's Statement:

Apple anticipates filing a motion for summary judgment.

## V. AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES

Plaintiffs' Statement:

At this time, Plaintiffs do not anticipate adding any new parties to the case. Plaintiffs may seek to add additional plaintiffs/class representatives during the time permitted for amendments to the pleadings.

Apple's Statement:

Plaintiffs have already amended their allegations by filing a First Amended Complaint. No future amendment to the First Amended Complaint should be permitted without leave of Court. To the extent a schedule is set, the deadline to amend should be fourteen (14) days after the Court rules on Apple's pending Motion to Dismiss (if the Plaintiffs' claims survive a motion to dismiss).

## VI. EVIDENCE PRESERVATION

Parties' Joint Statement:

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

## VII. INITIAL DISCLOSURES

Parties' Joint Statement: The Parties exchanged Rule 26(a)(1) disclosures on February 28, 2025.

## VIII. DISCOVERY

### A. Status of Discovery

Parties' Joint Statement:

Plaintiffs served discovery requests to Apple on April 10, 2025, which Apple responded to on June 2, 2025. The Parties have met and conferred on numerous occasions and are in the process of conferring on custodians and search terms. Apple has represented that it will begin to produce documents on a rolling basis once a protective order is entered in this action. The Parties have made significant progress on reaching agreement on a protective order. Apple served interrogatories and document requests on Plaintiffs on August 6, 2025. Plaintiffs will serve their responses on September 26, 2025.

### B. Scope of Discovery

Plaintiffs' Statement: Plaintiffs seek discovery regarding, among other things: (i) the content, timing, and scope of Apple's advertisements, marketing materials, and other public statements regarding the AirPods Pro Gen 1; (ii) studies, testing, investigation, analysis or any purported basis for Apple's statements regarding the AirPods Pro Gen 1; (iii) Defendant's development of the product, including but not limited to Apple's documents regarding the design, manufacture, and testing of the defective AirPods Pro Gen 1 including, but not limited to, any and all changes in the design, materials composition, manufacture, quality control, or materials supplier

for the AirPods Pro Gen 1; (iv) customer complaints regarding the product; (v) investigation, review, or analysis of product defects, product malfunctioning, or customer complaints; (vii) the identities and number of people who have purchased AirPods Pro Gen 1; (vii) the amount of revenue derived by Defendant from all sales of the AirPods Pro Gen 1; (viii) Apple's sales, pricing, advertising, and distribution of the AirPods Pro Gen 1; (ix) Defendant's refund policies and practices, generally, and remedial measures specific to the defective AirPods Pro Gen 1; (x) Defendant's warranty policies and practices, generally and specifically with respect to the AirPods Pro Gen 1 defect (xi) all facts giving rise to the Service Program and relating to its implementation, including limitations and extensions of the same; (xii) customer warranty claims and claims under the Service Program made related to the AirPods Pro Gen 1 and Apple's actions.

Apple's Statement: If Plaintiffs are able to state a claim, Apple anticipates seeking discovery relating to the circumstances of Plaintiffs' respective purchases of their AirPods Pro 1; Plaintiffs' knowledge of and alleged reliance on any actionable representations or omissions by Apple regarding the alleged audio issues; the circumstances of Plaintiffs' use of their devices prior to and after the alleged emergence of the purported audio issues; the physical condition of Plaintiffs' AirPods Pro 1 at issue in the FAC; any timely-made warranty claims that Plaintiffs made to Apple or any service performed on Plaintiffs' respective AirPods Pro 1; any extended warranty purchases related to Plaintiffs' devices; whether Plaintiffs' claims are typical of the claims of other members of any putative classes; and whether common questions of fact or law predominate over individual inquiries.

**C. Limitations on or Modifications of the Discovery Rules**

Parties' Joint Statement: The Parties do not currently propose any changes to the limitations on discovery or discovery schedule provided by the Court, the Federal Rules of Civil Procedure, or Local Rules. The Parties reserve their rights to seek further modifications to limits on discovery.

**D. Protective Order**

Parties' Joint Statement: The Parties anticipate submitting a stipulated protective order regarding the confidentiality and protection of discovery in this action.

**E. Electronic Discovery**

Parties' Joint Statement: The Parties have agreed to an ESI Stipulation. ECF 59.

**F. Issues About Claims of Privileged (Fed. R. Civ. P. 26(f)(3)(D))**

Parties' Joint Statement: The Parties propose that any inadvertent disclosure of privileged material will be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and the terms of the protective order to be agreed upon by the Parties.

**G. Logs of Privileged Documents**

Parties' Joint Statement: The parties anticipate that during discovery, certain documents will need to be withheld based on the attorney-client privilege or work product doctrine. The parties further agree that they shall not be required to log communications between the parties and their outside counsel after the date of the initial Complaint in this matter (November 1, 2024).

## IX. CLASS ACTIONS

Plaintiffs' Statement:

Plaintiffs intend to file a motion for class certification. Plaintiffs bring this action under Fed. R. Civ. P. 23(b)(2) and 23(b)(3). Plaintiffs seek to represent the following class:

All persons or entities in the United States that purchased Apple AirPods Pro Gen 1.

Alternatively, Plaintiffs Camacho and Schaefer bring this action on behalf of themselves and the members of a California Class; Plaintiff Nykerk brings this action on behalf of himself and the members of a Florida Class; Plaintiff Ambrozic brings this action on behalf of himself and the members of an Illinois Class; Plaintiffs Adair and Kadyrov bring this action on behalf of themselves and the members of New York Class; Plaintiff Labella brings this action on behalf of herself and the members of a Pennsylvania Class; Plaintiff Rodgers brings this action on behalf of herself and the members of an Ohio Class; and Plaintiff Pawson brings this action on behalf of himself and the members of a Texas Class.

This action is properly maintained as a class action under Fed. R. Civ. P. 23(a) because there are numerous purchasers of the headphones at issue, there are issues of fact and law common to the class, Plaintiffs' claims and the harms they have experienced are typical to the claims and harms of the absent Class Members, and Plaintiffs and their counsel are adequate.

Common issues also predominate under Fed. R. Civ. P. 23(b) as this case boils down to a simple question: Did Apple sell AirPods Pro Gen 1 Headphones with an audio defect? The principle common issues in this action also include: (1) whether Apple knew about the Audio Defect and intentionally concealed it from consumers; (2) whether Apple artificially limited the Service Program to AirPods Pro Gen 1 manufactured after October 2020; (3) whether Apple's representations of the AirPods Pro Gen 1's noise-cancelling and other audio functionality and superior audio quality were false and misleading and whether Apple engaged in omissions regarding its AirPods Pro Gen 1; (4) whether Plaintiffs and the putative Class Members experienced the problems alleged in the Complaint; (5) whether Apple breached its express warranties; (6) whether Apple's alleged misconduct is tied to Plaintiffs' alleged injuries; (7) the measure of any damages; and (8) whether declaratory and/or injunctive relief is appropriate as Apple has acted or refused to act on grounds generally applicable to the Class. A class action is also the superior method of adjudication as it is impracticable to bring Class Members' individual claims before the Court as the size of each Class Member's claim is relatively small compared to the cost of seeking relief.

Apple's Statement:

Apple disputes Plaintiffs' contention that this action is properly maintainable as a class action. Apple submits that it is premature to address class certification, and respectfully requests that the Court convene an additional case management conference, if needed, to discuss the schedule for briefing and hearing class certification after resolution of Apple's Motion to Dismiss.

## X. RELATED CASES

Parties' Joint Statement: The Parties are currently unaware of any related cases.

## XI. RELIEF

Plaintiffs' Statement: Plaintiffs seek an order certifying the proposed Class and/or state-Subclasses, and an order awarding actual and punitive damages, restitution (in the alternative to damages), injunctive relief, pre and post judgment interest, the cost of suit herein, and attorneys' fees. Plaintiffs have not yet performed a computation of damages in this case and will request documents in discovery to do so.

Because Apple sold Plaintiffs and similarly situated Class Members headphones with an audio defect, Apple sold Plaintiffs and similarly situated Class Members headphones that were worth less than what they paid for them. Plaintiffs thus seek the price premium Plaintiffs and Class Members paid in an amount to be determined by an expert. *See, e.g.*, *Lytle v. Nutramax Lab'ys, Inc.*, 114 F.4th 1011, 1026 (9th Cir. 2024) (recognizing expert damages model proposing unexecuted conjoint survey to measure overcharge associated with misrepresentation supported class certification); *Willis v. Colgate Palmolive Co.*, No. CV 19-8542 JGB, 2023 WL 11915708, *20 (C.D. Cal. Jan. 5, 2023) (admitting expert to conduct conjoint study to calculate price premium for purposes of calculating actual damages to support class certification); *Fitzhenry-Russell v. Dr. Pepper Snapple Grp., Inc.*, 326 F.R.D. 592, 606 (N.D. Cal. 2018) (same).

Apple's Statement: Apple maintains that Plaintiffs have failed to state a claim upon which relief can be granted. Further, Apple denies that this case can properly be maintained as a class action. Apple further denies that Plaintiffs or the purported class have suffered any cognizable injury or that Plaintiffs are suffering from ongoing harm entitling them to injunctive relief. Therefore, Apple seeks a dismissal of Plaintiffs' claims with prejudice and entry of judgment in its favor.

## XII. SETTLEMENT AND ADR

Parties' Joint Statement: The Parties agree to private mediation.

## XIII. OTHER REFERENCES

Parties' Joint Statement: At present, the Parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

## XIV. NARROWING OF ISSUES

Parties' Joint Statement: At present, the Parties are not aware of any issues that can be narrowed at this time. However, the Parties reserve their right to narrow issues, by agreement, where permitted by law, or by filing summary judgment motions.

## XV. EXPEDITED TRIAL PROCEDURE

Parties' Joint Statement: The Parties currently do not believe that this case is appropriate to be handled under the Expedited Trial Procedure of General Order No. 64 at this time.

## XVI. SCHEDULING

Plaintiffs' Statement: Pursuant to this Court's Standing Order, Plaintiffs propose the below schedule:

| Action or Event | Requested Date |
| --- | --- |
| Deadline for Motion for Class Certification | August 19, 2026 |
| Deadline for Opposition to Motion for Class Certification | September 16, 2026 |
| Deadline for Reply in Support of Class Certification | October 16, 2026 |
| Close of Fact Discovery | October 16, 2026 |
| Opening Expert Reports | November 13, 2026 |
| Class Certification Hearing | November 18, 2026 |
| Rebuttal Expert Reports | December 11, 2026 |
| Close of Expert Discovery | January 4, 2027 |

| Deadline for Dispositive Motions and Daubert | January 22, 2027 |
|---|---|
| Last Day to Hear Dispositive/Daubert Motions | March 18, 2027 |
| Joint Pretrial Statement | May 5. 2027 |
| Final Pretrial Conference | May 20, 2027 |
| Trial | June 1, 2027 |

Apple's Statement. Until the Court rules on Apple's anticipated motion to dismiss, it is not clear which claims and issues will remain in the case (if any), and thus Apple believes it is premature to propose dates for class certification, designation of experts, discovery cut-off, hearing of dispositive motions, and a pretrial conference and trial. If the Court is inclined to set a schedule at this time, Apple requests that Plaintiffs' class certification motion be filed approximately nine months after Apple answers the operative FAC.

**XVII. TRIAL**

Parties' Joint Statement. The case will be tried by a jury and the Parties will meet and confer regarding the expected length of the trial. The Parties agree that the length of trial will largely depend on the outcome of Apple's Motion to Dismiss and any motion for class certification. Thus, the Parties propose that any trial setting issues be discussed at a case management conference to be held following the Court's ruling on class certification.

**XVIII. DISCLOSURE OF NON-PARTY INTERESTED PERSONS OR ENTITIES**

Plaintiffs' Statement:

Plaintiffs have filed a Certificate of Interested Entities or Persons required by Civil Local Rule 3-15. (ECF No. 4).

Apple's Statement:

Apple has filed the Certificate of Interested Entities or Persons required by Civil Local Rule 3-15. (ECF No. 17). Apple confirms that the statements therein are currently accurate and that it has

no parent corporations, there is no publicly held company that owns 10% or more of Apple Inc.'s stock, and there is no other kind of interest that could be substantially affected by the outcome of the proceeding.

## XIX. PROFESSIONAL CONDUCT

Parties' Joint Statement: The parties certify that all attorneys of record have reviewed the Guidelines for Professional Conduct in the Northern District of California.

## XX. OTHER MATTERS

Parties' Joint Statement: The parties are not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Date: September 17, 2025

Respectfully submitted,

*/s/ Annick M. Persinger*

Annick M. Persinger (CA Bar No. 272996)
Emily Feder Cooper (CA Bar No. 352951)
*apersinger@tzlegal.com*
*ecooper@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
Telephone: (510) 254-6808

Andrea R. Gold (*admitted pro hac vice*)
*agold@tzlegal.com*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, Northwest, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900

Patrick Brickman (*pro hac vice to be filed*)
Frank Bartela (*pro hac vice to be filed*)
*pbrickman@dworkenlaw.com*
*fbartela@dworkenlaw.com*
**DWORKEN & BERNSTEIN CO., L.P.A.**
1468 W. 9th Street, Suite 135,
Cleveland, OH 44113
Telephone: (833) 856-0445

*Attorneys for Plaintiffs and the Proposed Class*

Date: September 17, 2025

Respectfully submitted,

*/s/ Camila A. Tapernoux*

Camila A. Tapernoux (CA SBN 299289)
Claudia M. Vetesi (CA SBN 233485)
Alexis A. Amezcua (CA SBN 247507)
*CTapernoux@mofo.com*
*CVetesi@mofo.com*
*AAmezcua@mofo.com*
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant Apple Inc.*

**ATTESTATION**

In accordance with Civil Local Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from the other signatories.

Date: September 17, 2025

Respectfully submitted,

*/s/ Annick M. Persinger*

Annick M. Persinger (CA Bar No. 272996)
*apersinger@tzlegal.com*
**TYCKO & ZAVAREEI LLP**