UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDSEY LABELLA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> APPLE INC, <br><br> Defendant. | Case No. 24-cv-07588-NW <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** <br><br> Re: ECF No. 44 |

Plaintiffs seek relief for their purchases of Apple AirPods Pro Generation One Headphones that Plaintiffs allege Apple knowingly sold with sound quality defects. On March 28, 2025, Apple filed a motion to dismiss Plaintiffs' class action complaint. Mot., ECF No. 44. Having considered the parties' briefs and the relevant legal authority, the Court concluded that oral argument was not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and vacated the motion hearing. The Court GRANTS Defendant's motion in part with leave to amend, GRANTS in part without leave to amend, and DENIES in part.

I.   **BACKGROUND**

Plaintiffs Jerry Mitchell Adair, David Ambrozic, Philip Camacho, Daniel Kadyrov, Lindsey LaBella, Jeffrey Nykerk, Michael Pawson, Stacey Rodgers, and Marc Schaefer (collectively, "Plaintiffs") bring this case on behalf of themselves, and all others similarly situated. First Amended Compl., ECF No. 39 ("FAC"). The Court summarizes the following facts from the FAC.

Apple first released the AirPods Pro Generation One Headphones ("AirPods") in October 2019 and sold them until September 2022. Apple promoted the AirPods' "noise cancelling features, superior, clear sound, and high audio quality" in product announcements and in

advertising. FAC ¶ 4. In October 2020, Apple publicly recognized that the AirPods may experience sound defects and launched a service program to replace any affected AirPods. Plaintiffs point out that the service program does not provide replacements for AirPods manufactured after October 2020. "Despite knowing about the Audio Defect, Apple nevertheless continued to promote and market its faulty AirPods Pro Gen 1 and continued to profit handsomely from their sale." *Id*. ¶ 74.

Plaintiffs each purchased AirPods between November 2019 and March 2022 for at least $200. Along with their purchase, Plaintiffs received a one-year limited warranty. "Apple's one-year limited warranty covers 'defects in material and workmanship'." *Id*. ¶ 75; *see also* Mot. at 2.

Plaintiffs began experiencing issues with the sound quality of the AirPods; some Plaintiffs noticed the issues within a year and others over two years after their purchase. Some of the Plaintiffs reached out to Apple about their sound quality issues and Apple provided them with replacement AirPods. Of those who received replacements, some Plaintiffs experienced the same sound quality issues with their replacement AirPods.

Plaintiffs now seek relief for the defects in their AirPods, and bring claims on behalf of a putative nationwide class made up of "[a]ll persons or entities in the United States that purchased Apple AirPods Pro Gen 1." *See* Counts 1 through 4. In the alternative, and as described in the chart below, Plaintiffs seek certification of seven sub-classes of AirPods consumers in California, Florida, Illinois, New York, Ohio, Pennsylvania, and Texas.

| State | Plaintiffs | Claims |
|---|---|---|
| **California** | Plaintiff Philip Camacho is a resident and citizen of California. He has resided in California since about August 2023.<br><br>Plaintiff Marc Schaefer is a resident and citizen of California and has been at all times relevant to the FAC. | Breach of Express Warranty Under California Law, Cal. Unif. Com. Code § 2313 (Count 5)<br><br>Breach of Implied Warranty Under California Law, Cal. Unif. Com. Code §§ 2314-2315 (Count 6)<br><br>Violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, *et seq.* (Count 7)<br><br>Violations of the California Consumer Legal Remedies Act, ("CLRA"), Cal. Civ. Code § 1750, *et seq.* (Count 8) |

2

| | | |
|---|---|---|
| | | Violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* (Count 9)<br><br>Violations of the California False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.* (Count 10) |
| **Florida** | Plaintiff Jeffrey Nykerk is a resident and citizen of Florida, and has been at all times relevant to the FAC. | Breach of Express Warranty Under Florida Law, F.S.A. § 672.313 (Count 11)<br><br>Breach of Implied Warranty Under Florida Law, F.S.A. §§ 672.314-672.315 (Count 12)<br><br>Breach of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), West's F.S.A. §§ 501.201-501.213 (Count 13) |
| **Illinois** | Plaintiff David Ambrozic is a resident and citizen of Illinois, and has been at all times relevant to the FAC. | Breach of Express Warranty Under Illinois Law, Ill. Unif. Com. Code § 5/2-313 (Count 14)<br><br>Breach of Implied Warranty Under Illinois Law, Ill. Unif. Com. Code §§ 5/2-314-5/2-315 (Count 15)<br><br>Breach of Illinois Consumer Fraud and Deceptive Business Practices ("ICFA"), 815 ILCS 505/1, *et seq.* (Count 16) |
| **New York** | Plaintiff Jerry Mitchell Adair is a resident and citizen of New York, and has been at all times relevant to the FAC.<br><br>Plaintiff Daniel Kadyrov is a resident and citizen of New York, and has been at all times relevant to the FAC. | Breach of Express Warranty Under New York Law, N.Y. Unif. Com. Code § 2-313 (Count 17)<br><br>Breach of Implied Warranty Under New York Law, N.Y. Unif. Com. Code §§ 2-314-2-315 (Count 18)<br><br>Breach of New York Deceptive Trade Practices Act ("GBL"), N.Y. Gen. Bus. Law § 349 (Count 19) |
| **Ohio** | Plaintiff Stacey Rodgers is a resident and citizen of Ohio, and has been at all times relevant to the FAC. | Breach of Express Warranty Under Ohio Law, Ohio Revised Code § 1302.26 (Count 20)<br><br>Breach of Implied Warranty Under Ohio Law, Ohio Revised Code §§ 1302.27-1302.28 (Count 21) |

| | | |
|---|---|---|
| | | Breach of Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. § 1345 *et seq.* (Count 22) |
| **Pennsylvania** | Plaintiff Lindsey LaBella is a resident and citizen of Pennsylvania, and has been at all times relevant to the FAC. | Breach of Express Warranty Under Pennsylvania Law, 13 Pa.C.S.A. § 2313 (Count 23) <br><br> Breach of Implied Warranty Under Pennsylvania Law, 13 Pa.C.S.A. §§ 2314-2315 (Count 24) <br><br> Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. Ann. §§ 201-1–201-9.3 (Count 25) |
| **Texas** | Plaintiff Michael Pawson is a resident and citizen of Texas, and has been at all times relevant to the FAC. | Breach of Express Warranty Under Texas Law, Tex. Bus. & Com. Code § 2.313 (Count 26) <br><br> Breach of Implied Warranty Under Texas Law, Tex. Bus. & Com. Code §§ 2.314-2.315 (Count 27) <br><br> Breach of Deceptive Trade Practices-Consumer Protection Act ("DTCPA"), Texas Bus. & Com. Code § 17.41, *et seq.* (Count 28) |

## II.     LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Consumer protection claims that sound in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "[A]llegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done

4

anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citing *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993)). A party alleging fraud must set forth "the who, what, when, where, and how" of the misconduct. *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). With respect to Plaintiffs' omissions-based fraud claims, "the pleading standard is lowered on account of the reduced ability in an omission suit 'to specify the time, place, and specific content, relative to a claim involving affirmative misrepresentations.'" *Barrett v. Apple Inc.*, No. 5:20-CV04812-EJD, 523 F.Supp.3d 1132, 1145 (N.D. Cal. Mar. 4, 2021) (quoting *In re Apple & AT & TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1310 (N.D. Cal. 2008)).

### III. DISCUSSION

Plaintiffs bring twenty-eight claims: four claims on behalf of a nationwide putative class, and, in the alternative, twenty-four claims on behalf of the seven state putative sub-classes.

#### A. Nationwide Claims

Plaintiffs bring four claims on behalf of the nationwide putative class: (1) violations of the consumer protection acts of 50 states (Count 1); (2) violations of the express warranty laws of 50 states (Count 2); (3) violations of the implied warranty laws of 50 states (Count 3); and (4) unjust enrichment (Count 4).

- <u>50 State Law Claims (Counts 1, 2, and 3)</u>:
  - Plaintiffs' Counts 1, 2, and 3 consist solely of a few paragraphs and a list of 50 different state consumer protection statutes. This type of pleading is insufficient to meet the standards set forth in Federal Rule of Civil Procedure 8 or 9(b). Under *Twombly*'s well-established pleading standard, "a plaintiff's obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Here, Plaintiffs do no more than list the state statutes and fail to include even a "formulaic recitation of the elements" of causes of action under each state law. *Id.*; *Adams v. Target Corp.*, No. 2:13-cv-05944-GHK-PJW, 2014 WL 12558290, at *6 (C.D. Cal. Mar. 3, 2014) ("[A]

5

cursory listing of the other states' statutes is insufficient to satisfy *Twombly* and *Iqbal*'s pleading requirements."). Defendants' motion to dismiss Counts 1, 2, and 3 is GRANTED, with leave to amend.

- o If Plaintiffs elect to proceed with any of these nationwide claims, they must identify a *representative plaintiff for every state*.[1] In addition, Plaintiffs must explicitly provide: (1) a specific citation to the relevant state law giving rise to the claim; (2) the elements for the private right of action created by that provision; (3) the governing statute of limitations and any state-specific tolling/accrual standards; and (4) a restatement of, or citation to, the facts currently alleged in the FAC that establish a claim under that provision.

- Unjust Enrichment Claims (Count 4):
    - o Plaintiffs cannot maintain their unjust enrichment claim because, in California, "[u]njust enrichment is not a cause of action." *De Havilland v. FX Networks*, LLC, 21 Cal. App. 5th 845, 870 (2018) (quoting *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2011)). State and federal "courts have consistently dismissed stand-alone claims for unjust enrichment." *Brodsky v. Apple Inc.,* 445 F. Supp. 3d 110, 132 (N.D. Cal. 2020). Defendants' motion to dismiss Count 4 as a nationwide claim and California law claim is GRANTED without leave to amend.
    - o The Court notes that, to the extent Plaintiffs intend to continue with unjust enrichment claims under the various state laws, a claim for unjust enrichment "will not stand where the claim simply mirrors other statutory or tort claims." *In re Ford Tailgate Litig.*, No. 11-CV-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014), *order corrected on denial of reconsideration,* No. 11-CV-2953-RS, 2014 WL 12649204 (N.D. Cal. Apr. 15, 2014).

---

[1] If Plaintiffs fail to identify a representative plaintiff for every state, nothing in this Order prevents Plaintiffs from bringing additional state sub-classes for each state for which Plaintiffs identify a representative plaintiff.

### B.   State Claims

#### 1.   Express Warranty Claims

Plaintiffs bring breach of express warranty claims under the laws of the states of the seven putative sub-classes. Apple argues that Apple's limited warranty applies, and that Plaintiffs have failed to allege facts sufficient to demonstrate a breach during the one-year warranty period. Specifically, "[t]he express warranty claims asserted by Schaefer, Nykerk, Ambrozic, Adair, Kadyrov, LaBella, and Rodgers each share the same fundamental defect: their allegations make clear that their devices functioned without issue for the full duration of the Limited Warranty, and they do not allege they sought or were denied coverage at any relevant time." Mot. at 7. Plaintiffs provided insufficient details to permit the Court to evaluate their claims. For the Court to evaluate the applicability of the limited warranty, Plaintiffs must each clearly indicate: (1) when they first experienced issues with their AirPods, and if the issue arose during the limited warranty period; (2) if or when they first reached out to Apple to notify Apple of the issues, and whether the outreach was during the limited warranty period; (3) if or when they received replacement AirPods; and (4) if or when they experienced issues with their replacement AirPods. The Court GRANTS Apple's motion to dismiss the breach of express warranty claims with leave to amend.

#### 2.   Implied Warranty Claims

Plaintiffs bring breach of implied warranty claims under the laws of the states of the seven putative sub-classes. In their opposition Plaintiffs concede that they "narrow their implied warranty claims to a claim for breach of the implied warranty of fitness for a particular purpose, and do not base their implied warranty claims on a breach of the implied warranty of ordinary use." Opp'n at 21 n. 7. Plaintiffs argue that they purchased AirPods for the "particular purpose" of the noise-cancelling functionality. However, Plaintiffs have not each alleged that they purchased AirPods for the noise-cancelling functionality (*e.g.* Rodgers, FAC ¶¶ 171-180). The Court GRANTS Apple's motion to dismiss with leave to amend. Plaintiffs shall amend their complaint to reflect the concession in their opposition.

#### 3.   Fraud by Omission

In their state consumer protection claims, Plaintiffs allege that Apple omitted material facts

7

about the quality of AirPods.² Apple moves to dismiss Plaintiffs' claims based on fraud by omission arguing that where an alleged defect manifests only after the warranty period has expired the "manufacturer only has a duty to disclose 'safety issues.'" Mot. at 9 (citing *Taleshpour v. Apple Inc.*, 549 F. Supp. 3d 1033, 1044-45 (N.D. Cal. 2021), *aff'd*, No. 21-16282, 2022 WL 1577802 (9th Cir. May 19, 2022). While this may prove to be an issue in a motion for summary judgment, it is premature for the Court to address this issue at this stage. The Court DENIES Apple's motion to dismiss Plaintiffs' omissions-based claims.

### 4. Plaintiff-Specific Arguments

- Plaintiff Camacho (California): Plaintiffs concede in their opposition that "Apple is correct that Plaintiff Camacho cannot bring a Song-Beverly claim because, while he resides in California, he did not purchase his AirPods Pro Gen 1 there." *See* FAC at 22 n. 8. The Court GRANTS Apple's motion to dismiss Camacho's Song-Beverly Consumer Warranty Act claim with prejudice.

- Plaintiff Rodgers (Ohio):
  - Apple argues that Rodgers' express warranty claim fails because she has not alleged that "she was even *exposed* to any Apple advertisements." Mot. at 10. Rodgers concedes on these two claims: "Plaintiff Rodgers does not oppose Apple's Motion to Dismiss any claim based on Apple's affirmative representations to her about noise cancelling or sound capabilities (her express warranty and implied warranty claims under Ohio law)." Opp'n at 17 n. 4. The Court GRANTS Apple's motion to dismiss Rodgers' express warranty and implied warranty claims under Ohio law with prejudice.
  - Rodgers' OCSPA claim fails to meet the heighted pleading standard of Federal Rule of Civil Procedure 9(b). Plaintiffs' consumer protection claims sound in fraud, and Rodgers has not pled sufficient facts to set forth "the who, what, when, where, and how" of the alleged misconduct. *Vess*, 317 F.3d at 1106. Rodgers notes that "Apple

---

² The Court addresses Plaintiffs' theory of Apple's affirmative misrepresentations for each Plaintiff that advances that theory.

8

      made direct and explicit promises" but does not specify the mode of communication, when Rodgers relied on those promises, or if Rodgers reviewed those promises before purchasing AirPods. The Court GRANTS Apple's motion to dismiss Rodgers OCSPA claim with leave to amend.

- <u>Plaintiff LaBella (Pennsylvania)</u>: Apple argues that LaBella's claim under the UTPCPL sounds in fraud, and LaBella has not met the heighted pleading standard of Federal Rule of Civil Procedure 9(b). LaBella alleges that she relied on "descriptions and affirmations of fact or promises made by Apple" but, similar to Rodgers, does not specify the "the who, what, when, where, and how" of the promises made and alleged misconduct. *Vess*, 317 F.3d at 1106. The Court GRANTS Apple's motion to dismiss LaBella's UTPCPL claim with leave to amend.

- <u>Plaintiff Pawson (Texas)</u>: Pawson bought his AirPods in November 2019 and alleges that he first experienced issues just under one year after his purchase, in November 2020. Apple replaced Pawson's earbuds, the right one in November 2020 and the left one in January 2021. "On or about November 2023, the same static and crackling noises presented whenever he used his replacement AirPods Pro Gen 1." FAC ¶ 203. Apple argues that Pawson's claims are time barred. The parties agree that Pawson's claim under the DTCPA is subject to a two-year statute of limitations, and the statute begins to run "after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice." Tex. Bus. & Com. Code Ann. § 17.565 (West). Plaintiffs respond by arguing that Apple's fraudulent concealment of the defect tolls the limitations period until the date that Pawson discovered the defect in the replacement AirPods he was given in November 2023. But, in the same breath, Plaintiffs assert that Apple "admitted on its website that the AirPods Pro Gen 1 contained an Audio Defect in October 2020." Apple could not have concealed the defect while also publicly admitting to the defect prior to replacing Pawson's AirPods. As to Plaintiffs' delayed discovery argument, a consumers' exercise of reasonable diligence or discovery runs from the date of purchase not from the date of being sent a replacement product. Construing the facts Pawson relies on in

the light most favorable to him — specifically that Apple publicly acknowledged sound defects in October 2020 and that his AirPods first malfunctioned in November 2020 — Pawson knew or should have known with reasonable diligence soon after November 2020 that there was a product defect.  Pawson's claim under the DTCPA relates to his original purchase of AirPods, namely that had Apple disclosed the audio defect Pawson would not have purchased the AirPods or would have paid less, not that Pawson was deceived when receiving a replacement product.  The statute of limitations has run, and the Court GRANTS Apple's motion to dismiss Pawson's DTCPA claim without leave to amend.

### C. Injunctive Relief

Plaintiffs also seek injunctive relief, such as an "order that requires Apple to repair, recall, and/or replace the AirPods Pro and to extend the applicable warranties to a reasonable period of time, or, at a minimum, to provide Plaintiffs and Class Members with appropriate curative notice." FAC at 108.  Plaintiffs lack standing to seek such injunctive relief because they cannot show a likelihood of future injury given that "AirPods Pro 1 are no longer being sold."  Reply at 13.  To the extent that Plaintiffs seek injunctive relief relating to AirPods already purchased, Plaintiffs have failed to show how monetary damages would be inadequate to address any harm.  *Sharma v. Volkswagen AG*, No. 20-CV-02394-JST, 2022 WL 20299948, at *5 (N.D. Cal. Jan. 21, 2022) ("[P]laintiffs must show that damages would not be enough to remedy their injuries.").  The Court GRANTS Apple's motion to dismiss Plaintiffs' claims seeking injunctive relief without leave to amend.

## IV. CONCLUSION

Defendant's motion is GRANTED in part with leave to amend, GRANTED in part without leave to amend, and DENIED in part.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (pursuant to Rule 15(a), leave to amend "should be freely granted when justice so requires," keeping in mind the underlying purpose of Rule 15 is "to facilitate decision on the merits, rather than on the pleadings or technicalities.") (en banc) (internal quotes and ellipses omitted).

/ / /

/ / /

Plaintiffs shall file an amended complaint within 21 days from this Order. Plaintiffs shall update their amended complaint with the various concessions included in their opposition.

**IT IS SO ORDERED.**

Dated: October 28, 2025

Noël Wise
United States District Judge