UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LINDSEY LABELLA, et al.,

           Plaintiffs,

    v.

APPLE INC,

           Defendant.

Case No. 24-cv-07588-NW

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 80

Plaintiffs seek relief for their purchases of Apple AirPods Pro Generation One Headphones that Plaintiffs allege Apple knowingly sold with sound quality defects. Plaintiffs filed a second amended complaint ("SAC") on November 25, 2025. ECF No. 79. Apple now moves to dismiss the SAC in part. Mot., ECF No. 80. Plaintiffs opposed, and Apple filed a reply. ECF Nos. 82, 84.

Having considered the parties' briefs and the relevant legal authority, the Court concluded that oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), and vacated the motion hearing. The Court GRANTS Defendant's motion without leave to amend.

I.    **BACKGROUND**

The Court assumes familiarity with the background of this case. *See* ECF No. 73. In the SAC, Plaintiffs seek certification of seven sub-classes of AirPods consumers in California, Florida, Illinois, New York, Ohio, Pennsylvania, and Texas, as outlined below:[1]

---

[1] In the SAC, Plaintiffs no longer proceed with their nationwide class claims.

| State | Plaintiffs | Claims | Motion to Dismiss |
|---|---|---|---|
| **California** | Plaintiff Marc Schaefer is a resident and citizen of California and has been at all times relevant to the SAC. | Breach of Implied Warranty Under California Law, Cal. Unif. Com. Code §§ 2314-2315 (Count 1) | Defendant moves to dismiss the breach of implied warranty claims for all seven subclasses |
| | | Violation of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq. (Count 2) | N/A |
| | | Violations of the California Consumer Legal Remedies Act, ("CLRA"), Cal. Civ. Code § 1750, et seq. (Count 3) | N/A |
| | | Violations of the California Unfair Competition Law, ("UCL") Cal. Bus. & Prof. Code 17200, et seq. (Count 4) | N/A |
| | | Violation of the California False Advertising Law, ("FAL"), Cal. Bus. & Prof. Code 17500, et seq. (Count 5) | N/A |
| | | | |
| **Florida** | Plaintiff Jeffrey Nykerk is a resident and citizen of Florida and has been at all times relevant to the SAC. | Breach of Implied Warranty Under Florida Law, F.S.A. §§ 672.314-672.315 (Count 6) | Defendant moves to dismiss the breach of implied warranty claims for all seven subclasses |
| | | Breach of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), West's F.S.A. §§ 501.201-501.213 (Count 7) | N/A |

2

United States District Court
Northern District of California

| Illinois | Plaintiff David Ambrozic is a resident and citizen of Illinois and has been at all times relevant to the SAC.<br><br>Plaintiff Philip Camacho[2] is a resident and citizen of California. He has resided in California since about August 2023. On or about March 27, 2020, while living in Illinois, Mr. Camacho purchased an AirPods Pro Gen 1 from Amazon online. | Breach of Implied Warranty Under Illinois Law, Ill. Unif. Com. Code §§ 5/2-314-5/2-315 (Count 8) | Defendant moves to dismiss the breach of implied warranty claims for all seven subclasses |
| | | Breach of Illinois Consumer Fraud and Deceptive Business Practices ("ICFA"), 815 ILCS 505/1, *et seq.* (Count 9) | N/A |
| New York | Plaintiff Jerry Mitchell Adair is a resident and citizen of New York and has been at all times relevant to the SAC.<br><br>Plaintiff Daniel Kadyrov is a resident and citizen of New York and has been at all times relevant to the SAC. | Breach of Implied Warranty Under New York Law, N.Y. Unif. Com. Code §§ 2-314-2-315 (Count 10) | Defendant moves to dismiss the breach of implied warranty claims for all seven subclasses |
| | | Breach of New York Deceptive Trade Practices Act ("GBL"), N.Y. Gen. Bus. Law § 349 (Count 11) | N/A |

---

[2] In the FAC, Plaintiff Philip Camacho brought claims on behalf of the California sub-class.

3

| Ohio | Plaintiff Stacey Rodgers is a resident and citizen of Ohio and has been at all times relevant to the SAC. | Breach of Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. § 1345 *et seq.* (Count 12) | Defendant moves to dismiss Plaintiff Rodger's claim under OCSPA |
|---|---|---|---|
| Pennsylvania | Plaintiff Lindsey LaBella is a resident and citizen of Pennsylvania and has been at all times relevant to the SAC. | Breach of Implied Warranty Under Pennsylvania Law, 13 Pa.C.S.A. §§ 2314-2315 (Count 13) | Defendant moves to dismiss the breach of implied warranty claims for all seven subclasses |
| | | Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. Ann. §§ 201-1–201-9.3 (Count 14) | N/A |
| Texas | Plaintiff Michael Pawson is a resident and citizen of Texas and has been at all times relevant to the SAC. | Breach of Express Warranty Under Texas Law, Tex. Bus. & Com. Code § 2.313 (Count 15) | Defendant moves to dismiss Plaintiff Pawson's claim for express warranty |
| | | Breach of Implied Warranty Under Texas Law, Tex. Bus. & Com. Code §§ 2.314-2.315 (Count 16) | Defendant moves to dismiss the breach of implied warranty claims for all seven subclasses |

## II.   LEGAL STANDARD

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the [plaintiff]." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

State consumer protection claims that sound in fraud are subject to the heightened pleading

4

requirements of Federal Rule of Civil Procedure 9(b).  *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  "[A]llegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'"  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citing *Neubronner v. Milken,* 6 F.3d 666, 672 (9th Cir.1993)).  A party alleging fraud must set forth "the who, what, when, where, and how" of the misconduct.  *Vess*, 317 F.3d at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  With respect to Plaintiffs' omission-based fraud claims, "the pleading standard is lowered on account of the reduced ability in an omission suit 'to specify the time, place, and specific content, relative to a claim involving affirmative misrepresentations.'"  *Barrett v. Apple Inc.*, No. 5:20-CV04812-EJD, 523 F.Supp.3d 1132, 1145 (N.D. Cal. Mar. 4, 2021) (internal citations omitted).

## III.    DISCUSSION

Plaintiffs bring sixteen claims across the seven putative sub-classes.  Apple moves to dismiss specifically: (a) "Plaintiff Pawson's claim for breach of express warranty under Texas law (Cause of Action 15)," (b) "Plaintiff Rodgers' consumer protection claim under Ohio law (Cause of Action 12)," and (c) "Plaintiffs' claims for breach of the implied warranty of fitness for a particular purpose (Causes of Action 1, 6, 8, 10, 13, and 16)."  Mot. at v.  The Court addresses each argument in turn.

### A.    Plaintiff Pawson's Claim for Breach of Express Warranty

Plaintiff Pawson alleges that he bought AirPods in November 2019, began experiencing issues with his AirPods just under one year later in November 2020, and received replacement AirPods soon after in January 2021.  SAC ¶¶ 194-205.  About two years later, in November 2023, Pawson experienced issues with his replacement AirPods.  SAC ¶ 206.  Pawson brings a claim for breach of express warranty under Texas law, *see* Tex. Bus. & Com. Code § 2.313, alleging that Apple did not properly repair Pawson's AirPods because the "replacements later developed the same sound issues that had developed with each of the earbuds that Apple had was [sic] required

to provide under the One Year Limited Warranty." SAC ¶ 404. Pawson argues that because Apple did not "remediate the Audio Defect in Plaintiff Pawson's defective AirPods Pro Gen 1 earbuds by repairing the underlying cause," Apple breached the express warranty. SAC ¶ 406.

Apple argues that Pawson has failed to state a viable claim for breach of express warranty because Pawson admitted he was provided with free replacement AirPods and used them for years without issue – past the expiration of the warranty's one-year term. Mot. at 5; SAC ¶ 400 (quoting the express warranty, "Your Apple-branded or Beats-branded hardware product ("Product") is warranted against defects in materials and workmanship for a period of ONE (1) YEAR from the date of original retail purchase ("Warranty Period") . . ." (emphasis in original)).

The Court finds Apple's argument persuasive. Under Texas law, to recover for the breach of an express warranty, a plaintiff must prove: (1) an express affirmation of fact or promise by the seller relating to the goods; (2) that the affirmation of fact or promise became a part of the basis of the bargain; (3) that the plaintiff relied upon that affirmation of fact or promise; (4) that the goods failed to comply with the affirmation of fact or promise; (5) that the plaintiff was injured by the failure of the product to comply with the express warranty; and (6) that the failure was the proximate cause of plaintiff's injury. *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 587 (Tex. App. 1987), writ refused NRE (Dec. 16, 1987). However, where there is an express written warranty, the seller is only bound for the express term of the warranty. *Lankford v. Rogers Ford Sales*, 478 S.W.2d 248, 250 (Tex. Civ. App. 1972), writ refused NRE (July 26, 1972).

Further, where a seller offers a particular remedy for an issue that arises under the warranty (e.g., replacement of product), and "circumstances cause an exclusive or limited remedy to fail of its essential purpose," Texas law provides that the buyer can recover remedies other than the particular remedy contemplated in the warranty. Tex. Bus. & Com. Code § 2.719. Other remedies are available when a buyer shows that the seller failed to "correct the defect within a reasonable time or after multiple attempts," such that the "circumstances cause an exclusive or limited remedy to fail of its essential purpose." *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2013 WL 4045206, at *7 (N.D. Tex. Aug. 9, 2013); Tex. Bus. & Com. Code § 2.719.

Here, the parties do not dispute that there was a one-year term to the express warranty.

The Court finds no plausible claim in Pawson's allegations that Apple breached the express warranty within the one-year term. Additionally, Apple's remedy of replacing Pawson's AirPods did not "fail of its essential purpose" because Apple replaced the AirPods timely and the replacements continued to work for more than two and a half years. *See Ross Neely Sys., Inc. v. Navistar, Inc.*, No. 3:13-CV-1587-M-BN, 2015 WL 12939110, at \*2 (N.D. Tex. May 28, 2015) ("There is no failure of essential purpose if the seller repairs or replaces the warrantable defects and the buyer subsequently accepts the [goods]."); *compare Mercedes-Benz of North Am., Inc. v. Dickenson*, 720 S.W.2d 844, 854 (Tex. App. 1986) (finding a loss of substantial value of the bargain where the buyer returned their car for repairs at least seven times over an eight-month period, had the transmission in the vehicle replaced twice, and continued to experience issues).

Moreover, Pawson's additional argument that the AirPods had defects that were not discoverable on reasonable inspection also fails. *See* ECF No. 82 at 14. Pawson does not allege sufficient facts to support this theory in the SAC. Pawson does not allege that he ever attempted to discover the defect through ordinary care within his over two years of owning the replacement AirPods. *See* SAC ¶¶ 72-74. Mere conclusory allegations of law are insufficient to defeat a motion to dismiss. *Mahoney v. Sessions*, 871 F.3d 873, 877 (9th Cir. 2017).

The Court GRANTS Apple's motion to dismiss Pawson's express warranty claim (Count 15).

### B.    Plaintiff Rodgers' Consumer Protection Claim

Plaintiff Rogers brings a claim under Ohio's Consumer Sales Practices Act ("OCSPA"), *see* Ohio Revised Code § 1345, *et seq*., alleging that Apple omitted material facts regarding audio defects of the AirPods. Rodgers "only brings an omissions-based OCSPA claim," and does not proceed with any claims based on affirmative misrepresentations. ECF No. 82 at 15.

Apple argues that Plaintiff Rodgers' omission-based claim should be dismissed because she does not allege that she ever viewed *any* Apple marketing material or other representations prior to purchasing her AirPods. Mot. at 7.

Rodgers asserts that Apple's argument is precluded because the Court previously denied Apple's motion to dismiss Plaintiffs' omission-based claims. In the Court's prior Order on

United States District Court
Northern District of California

Apple's motion to dismiss the FAC, the Court held that it was "premature for the Court to address" the claims for fraud by omission in the FAC.   ECF No. 73.  But the Court separately analyzed Rodgers' OSPCA claim on all theories and found that "Rodgers' OCSPA claim fails to meet the heighted pleading standard of Federal Rule of Civil Procedure 9(b)."  *Id*. at 8.

In the SAC, Rodgers has not cured the deficiencies with her OCSPA claim that the Court identified in its prior Order.  The issue with the OCSPA claim is specific to Rodgers' allegations; the other omission-based claims do not share the same concern.  Namely, Rodgers has not alleged that she reviewed any Apple marketing materials before making her purchase.  *Compare e.g.,* SAC ¶ 163 (for Plaintiff Kadyrov, prior to purchase, he "saw various promotional and other material reflecting Apple's advertisement" and he "regularly monitors Apple's new product releases, and he visited Apple's website, which advertised its AirPods"); *Id*. ¶ 186 (for Plaintiff LaBella, prior to her purchase, she "viewed an online commercial" and "viewed Apple's advertising of the AirPods Pro Gen 1s on Apple's website"); *Id*. ¶ 196 (for Plaintiff Pawson, prior to his purchase, Pawson "visited Apple's website, which advertised its AirPods").

While Rodgers amended her claim to allege that she purchased AirPods from Apple's website, *see* SAC ¶ 175, the Court finds these additions insufficient under Rule 9(b).  *Detrick v. KCS Int'l Inc.*, 781 F. Supp. 3d 588, 618 (N.D. Ohio 2025) (to state a OCSPA claim, the plaintiff must show that a material misrepresentation or omission "impacted his decision to purchase the item at issue" (internal citation omitted)).  Rodgers does not specify whether she viewed marketing materials, promotions, branding, or other forms of advertisement; whether she reviewed those materials before her purchase; and whether she based her purchase on what she learned in those materials.  Simply, Rodgers has not alleged that she viewed, prior to her purchase, any materials that would have included the allegedly omitted information.  "[T]here must be a cause and effect relationship between the defendant's acts and the plaintiff's injuries."  *Lilly, Jr. v. Hewlett-Packard Co.*, No. 1:05-CV-465, 2006 WL 1064063, at *5 (S.D. Ohio Apr. 21, 2006); *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 871 (S.D. Ohio 2012) ("Omissions are actionable under the OCSPA if they concern a matter that is or is likely to be material to a consumer's decision to purchase the product or service involved." (internal citations omitted)).

8

Because there is no indication that Rodgers relied upon Apple's marketing – where an alleged omission would have been included – when making her purchase, Rodgers has not sufficiently alleged a "cause and effect relationship" between Apple's actions and her injury.

The Court GRANTS Apple's motion to dismiss Rodgers' OCSPA claim (Count 12).

**C.    Plaintiffs' Claims for Breach of the Implied Warranty of Fitness for a Particular Purpose**

Plaintiffs bring claims for breach of implied warranty under the laws of six of the seven putative sub-classes.[3] *See* Cal. Com. Code §§ 2314-2315; Fla. Stat. Ann. §§ 672.314-672.315; Ill. Unif. Com. Code §§ 5/2-314-5/2-315; N.Y. Unif. Com. Code §§ 2-314-2-315; 13 Pa. Cons. Stat. §§ 2314-2315; Tex. Bus. & Com. Code Ann. §§ 2.314-2.315.  In their opposition, Plaintiffs concede that they "narrow their implied warranty claims to a claim for breach of the implied warranty of fitness for a particular purpose, and do not base their implied warranty claims on a breach of the implied warranty of ordinary use."  ECF No. 82 at 21 n. 7.  Plaintiffs argue that they purchased AirPods for the "particular purpose" of the noise-cancelling functionality.  ECF No. 82 at 7.

Apple argues that Plaintiffs fail to state claims under each state law because Plaintiffs' alleged "particular purpose" – use of AirPods noise cancelling functionality – is far from a particular use specific to any of the Plaintiffs.  Apple stresses that noise cancellation is part of the ordinary and advertised function and design of AirPods.  *See* Mot. at 10-11.  Plaintiffs agree that the noise-cancelling functionality was "heavily advertised."  ECF No. 82 at 7.

Each of the state laws Plaintiffs bring claims under are based on Uniform Commercial Code Section 2-315.  Section 2-315 states:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.

U.C.C. § 2-315 (Implied Warranty: Fitness for Particular Purpose).  Each state law requires that

---

[3] Plaintiff Rodgers does not bring a claim under Ohio law for breach of the implied warranty.

United States District Court
Northern District of California

the seller has reason to know that the buyer is buying the goods for a particular purpose, and that the buyer is relying on the seller to select suitable goods for the particular purpose. [4] *See e.g., Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116 (2008) ("The implied warranty of fitness for a particular purpose is a warranty implied by law when a seller has reason to know that a buyer wishes goods for a particular purpose and is relying on the seller's skill and judgment to furnish those goods." (internal citations omitted)). A particular purpose refers to "a use different from the ordinary purpose of the product." *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 832 (N.D. Cal. 2021) (citing California law).

In the Court's Order on Apple's first motion to dismiss, the Court found that the various Plaintiffs had not each individually alleged facts indicating that they purchased AirPods for the noise-cancelling function, and granted Plaintiffs leave to amend. ECF No. 73. In the SAC, Plaintiffs alleged updated facts addressing the Court's finding. However, Plaintiffs still fail to state a claim for breach of the implied warranty of fitness for a particular purpose. Plaintiffs have

---

[4] Regarding the implied warranty of fitness for a particular purpose under the laws of the other states at issue, *see* <u>Florida</u> – *McLeod v. W. S. Merrell Co., Div. of Richardson-Merrell*, 174 So. 2d 736, 738 (Fla. 1965) ("An implied warranty of fitness for a particular purpose is conditioned upon the buyer's reliance on the skill and judgment of the seller to supply a commodity suitable for the intended purpose."); <u>Illinois</u> – *South Side Tr. & Sav. Bank of Peoria v. Mitsubishi Heavy Indus., Ltd.*, 401 Ill. App. 3d 424, 436–37, 927 N.E.2d 179, 191 (2010) ("to show the existence and breach of an implied warranty of fitness for particular purpose, a plaintiff must show (1) a sale of goods, (2) that the seller had reason to know of any particular purpose for which the goods are required, (3) that plaintiff, as buyer of the goods, was relying upon seller's skills or judgment to select suitable goods, and (4) that the goods were not fit for the particular purpose for which they were used."); <u>New York</u> – *Saratoga Spa & Bath, Inc. v. Beeche Sys. Corp.*, 230 A.D.2d 326, 331, 656 N.Y.S.2d 787, 790 (1997) ("For an implied warranty of fitness for a particular purpose claim to arise, the buyer must establish that the seller had reason to know, at the time of contracting, the buyer's particular purpose for which the goods are required and that the buyer was justifiably relying upon the seller's skill and judgment to select and furnish suitable goods, and that the buyer did in fact rely on that skill."); <u>Pennsylvania</u> – *Gall by Gall v. Allegheny County Health Department*, 521 Pa. 68, 555 A.2d 786 (1989) (An implied warranty of fitness for a particular purpose is breached when a seller "has reason to know: (1) any particular purpose for which the goods are required; and (2) that the buyer is relying on the skill or judgment of the seller to select or furnish suitable goods"); <u>Texas</u> – Tex. Bus. & Com. Code § 2.315 ("Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section an implied warranty that the goods shall be fit for such purpose.").

alleged only that they purchased AirPods "as headphones capable of noise cancellation," and for noise cancelling in ANC and Transparency modes." SAC ¶¶ 372, 416. These uses are the "ordinary purpose[s]" for which AirPods were widely marketed, as Plaintiff acknowledges. *Watkins*, 550 F. Supp. 3d at 832; SAC ¶ 417 ("AirPods . . . were headphones that Apple, an electronics manufacturer and retailer, advertised as suitable for use to remove unwanted background noise for an "immersive noise-cancelling experience.").

The emphasis of the particular purpose analysis is whether there was a use case that was particular to the buyer. "[A] particular purpose 'envisages a specific use by the buyer which is peculiar to the nature of his business.'" *Strauss v. Ford Motor Co.*, 439 F. Supp. 2d 680, 686 (N.D. Tex. 2006) (citing Tex Bus & Comm Code § 2.315). In each implied warranty cause of action, Plaintiffs repeat the same allegations that AirPods "were suited for the particular purpose of noise cancelling in ANC and Transparency modes." SAC ¶¶ 225, 281, 306, 335, 372, 417. Plaintiff do not allege facts specific to their own "peculiar" interest in AirPods, and the repetitive nature of the pleadings undermines any argument by Plaintiffs that they were individually interested in anything other than the as-advertised, ordinary noise-cancelling function of AirPods. Plaintiffs do not "allege a particular or unusual use different from the purpose for which the item sold is ordinarily used." *Fred's Excavating & Crane Serv., Inc. v. Cont'l Ins. Co.*, 340 So. 2d 1220, 1220 (Fla. Dist. Ct. App. 1976).

The Court GRANTS Apple's motion to dismiss Plaintiffs' implied warranty claims (Counts 1, 6, 8, 10, 13, and 16).

## IV.    CONCLUSION

The Court GRANTS Apple's motion to dismiss without leave to amend. *Smith v. YETI Coolers, LLC*, No. 24-CV-01703-RFL, 2025 WL 877127, at *1 (N.D. Cal. Mar. 14, 2025) ("[B]ecause Plaintiff[s] failed to correct the deficiencies previously identified, the motion to dismiss is granted without leave to amend"). The Court dismisses Plaintiff Pawson's claim for breach of express warranty under Texas law (Count 15), Plaintiff Rodgers' consumer protection claim under Ohio law (Count 12), and Plaintiffs' claims for breach of the implied warranty of fitness for a particular purpose (Counts 1, 6, 8, 10, 13, and 16).

11

United States District Court
Northern District of California

Plaintiffs shall file a third amended complaint reflecting *only* the remaining claims (Counts 2, 3, 4, 5, 7, 9, 11, 14) by April 22, 2026.  Plaintiffs shall not add any parties or claims.  Apple shall file an answer to Plaintiffs' third amended complaint by May 13, 2026.  The Court directs the parties to begin discovery.

**IT IS SO ORDERED.**

Dated: April 10, 2026

_____
Noël Wise
United States District Judge

12